1 | Jerry Budin, Esquire
    State Bar #88539
2 | LAW OFFICE OF JERRY BUDIN
    1500 "J" Street
3 | Modesto, California 95354
    Telephone: (209) 544-3030
4 | Facsimile: (209) 544-3144

5 | Attorney for Plaintiff,
    OVIDIO ORELLANA, individually
6 | and on behalf of all others
    similarly-situated
7 |
    David B. Chidlaw, Esq.
8 | SHEPPARD, MULLIN, RICHTER & HAMPTON
    333 South Hope Street, 48th Floor
9 | Los Angeles, California 90071-1448
    Telephone: (213) 620-1780
10 | Facsimile: (213) 620-1398

11 | Attorneys for Defendant,
    SILVA TRUCKING, INC.
12 |

13 |

14 |                    UNITED STATES DISTRICT COURT

15 |                   EASTERN DISTRICT OF CALIFORNIA

16 | OVIDIO ORELLANA, et al.,          ) CASE NO. CV F 04-5979 AWI LJO
                                       )
17 |             Plaintiffs,           ) FINDINGS AND
    vs.                                ) RECOMMENDATIONS ON PRELIMINARY
18 |                                   ) APPROVAL OF STIPULATION AND
    SILVA TRUCKING, INC.,              ) SETTLEMENT AGREEMENT;
19 |                                   ) EXHIBITS A-C
                Defendant.             )
20 | _____    )

21 |       Pursuant to the parties' Joint Notice of Motion filed on

22 | November 22, 2005, the parties in this class action have reached a

23 | proposed settlement and seek preliminary approval of the proposed

24 | Stipulation and Settlement Agreement, the Notice of Proposed Class

25 | Action Settlement and Fairness Hearing and the Claim Form/FLSA

26 | Consent Form.

27 |       The motion came on for hearing on December 1, 2005 at 9:00

28 | a.m. in Department 6 of this court. Plaintiff, individually and on

[AMENDED PROPOSED] FINDINGS AND RECOMMENDATIONS ON PRELIMINARY    CASE NO. CV F 04-5979 AWI LJO
APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT;
EXHIBITS A-C
                                      1

FILED

2005 DEC 22 P 2: 17

CLERK, US DIST COURT
EAST DIST OF CALIF

BY_____
           DEPUTY

1  behalf of all others similarly situated (collectively
2  "plaintiffs"), appeared by telephone by class counsel Jerry Budin,
3  Law Office of Jerry Budin. Defendant Silva Trucking, Inc.
4  ("Aartman") appeared by telephone by counsel David Chidlaw,
5  Sheppard, Mullin, Richter & Hampton. Having considered the
6  parties' Joint Notice and Motion, the Stipulation And Settlement
7  Agreement, and the Exhibits attached thereto, the Court issues the
8  following Findings and Recommendations:

9      1.   This Order incorporates by reference the definitions in
10 the Stipulation And Settlement Agreement thereto, and all terms
11 defined therein shall have the same meaning in this Order as set
12 forth therein.  The Stipulation And Settlement Agreement are
13 attached hereto as Exhibit "A."

14     2.   The Court hereby preliminarily approves the attached
15 Settlement Agreement. The Court preliminarily finds that the Class
16 members are similarly situated and meet the requirements for class
17 certification under F.R.C.P. 23.[1] The Court further preliminarily
18 finds that the Settlement Agreement appears to be within the range
19 of reasonableness of a settlement that could ultimately be given
20 final approval by this court. It appears to the Court that the
21 Settlement Agreement is fair, adequate and reasonable as to all
22 potential Class Members, when balanced against the probable outcome
23 of further litigation. It further appears that counsel for the
24 Parties at this time are reasonably able to evaluate their
25 respective positions. It further appears to the Court that
26 settlement at this time will avoid substantial additional costs to

27

28     [1] And, in light of the parties' "Addendum to Stipulation and Settlement Agreement of Class
Action Claims" filed on December 16, 2005, document 29.

[AMENDED PROPOSED] FINDINGS AND RECOMMENDATIONS ON PRELIMINARY       CASE NO. CV F 04-5979 AWI LJO
APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT;
EXHIBITS A-C

2

1 all Parties, as well as the delay and risks that would be presented
2 by further prosecution of these Actions. Additionally, it appears
3 that the proposed Settlement Agreement was reached as a result of
4 intensive, non-collusive, arms-length negotiations.

5     3.    A hearing ("Fairness Hearing") shall be held before this
6 Court on April 11, 2006 at 8:30 a.m. in Courtroom 6 in the United
7 States District Court for the Eastern District of California,
8 located at 1130 "O" Street, Fresno, California, to determine all
9 necessary matters concerning the settlement, including: whether the
10 proposed settlement of the Actions on the terms and conditions
11 provided is fair, adequate, and reasonable, and should be finally
12 approved by the Court; whether the cases should be dismissed with
13 prejudice pursuant to the terms of the settlement; whether the
14 settlement should be approved as fair, adequate, and reasonable to
15 the Class Members; whether the Court should finally approve an
16 enhancement payment for Mr. Orellana and the amount of attorney
17 fees and costs to be awarded Class Counsel, Jerry Budin.

18     4.    The Court hereby approves, as to form and content, the
19 proposed "Notice of Proposed Class Action Settlement and Fairness
20 Hearing" ("Notice;" attached hereto as "Exhibit "B") and the "Claim
21 Form/FLSA Consent Form" (attached hereto as Exhibit "C"). The
22 Court finds that the distribution of the Notice substantially in
23 the manner and form set forth in the Settlement Agreement meets the
24 requirement of due process under Federal Rule of Civil Procedure
25 23(e) and 29 U.S.C. §216(b); and that such Notice is the best
26 practicable under the circumstances, and shall constitute due and
27 sufficient notice to all persons entitled thereto.

28     5.    Any class member who wishes to receive a portion of the

1  settlement fund must complete and submit a properly completed Claim
2  Form, pursuant to the instructions for making a claim that are set
3  forth in the Notice, so that it is postmarked no more than sixty
4  (60) days after the date the Notices are mailed.  Any class member
5  who does not submit a Claim Form will not be entitled to any
6  recovery, unless SILVA TRUCKING agrees to allow the late claim.

7      6.  Any class member may choose to "opt-out" of and be
8  excluded from the settlement as provided in the Notice by following
9  the instructions for requesting exclusion from the Settlement
10  Agreement that are set forth in the Notice.  All requests for
11  exclusion must be submitted so that they are postmarked no more
12  than thirty (30) days after the date the Notices are mailed.  Any
13  such person who chooses to "opt out" of and be excluded from the
14  class will not be entitled to receive any proceeds from this
15  settlement, and will not be bound by this settlement or have any
16  right to object, appeal, or comment thereon.

17      7.  Any class member who has not validly requested exclusion
18  from the class may appear at the Fairness hearing and may object or
19  express his/her views regarding the settlement, and may present
20  evidence and file briefs or other papers, that may be proper and
21  relevant to the issues to be heard and determined by the Court, as
22  provided in the Notice.  However, no class member or any other
23  person shall be heard or entitled to object, and no papers or
24  briefs submitted by any such person shall be received or considered
25  by the Court, unless the person on or before that day which is 30
26  days after the Notice is mailed has filed with the Clerk of this
27  court, and mailed by first class postage to Class Counsel (Jerry
28  Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto,

1 | CA 95354) and Defendant's Counsel (Geoffrey DeBoskey, Sheppard,
2 | Mullin, Richter & Hampton, 333 South Hope Street, 48th Floor, Los
3 | Angeles, CA 90071): (i) a written statement advising if the
4 | individual plans to address the Court at the Fairness Hearing; (ii)
5 | a written statement of the individual's objections; and (iii) any
6 | other papers which the individual purposes to submit to the Court,
7 | including any legal briefs or memoranda.  Any such person who does
8 | not make an objection in the manner provided for in this Order
9 | shall be deemed to have waived such objection and shall forever be
10 | foreclosed from making any objection to the settlement.

11 | 8.    In the event the Settlement Agreement does not become
12 | effective in accordance with the terms of the Settlement Agreement,
13 | or the Settlement Agreement is not finally approved, or is
14 | terminated, canceled or fails to become effective for any reason,
15 | this Order shall be rendered null and void and shall be vacated,
16 | and the Parties shall revert to their respective positions as of
17 | before entering into the Settlement Agreement.

18 | 9.    For purposes of effectuating this settlement, the Court
19 | preliminarily certifies a Settlement Class composed of: "All
20 | persons who are now employed or have been employed by defendant
21 | SILVA TRUCKING in the State of California, who, on or after March
22 | 15, 2000 to October 1, 2004, have worked as a truck driver hauling
23 | sulfur and have worked in excess of forty (40) hours per week
24 | without being paid overtime compensation by Silva for those excess
25 | hours."

26 | 10.    The matter of the NOTICE OF CLAIM OF LIEN FOR LEGAL
27 | SERVICES PROVIDED filed herein on April 15, 2005 (Doc. 17) has not
28 | been determined and will be adjudicated in a separate motion or

1  proceeding.

2  **CONCLUSION**

3      For the reasons stated above, this Court RECOMMENDS that the
4  District Court GRANT preliminary approval of the proposed
5  Settlement Agreement, the Notice, and the Claim Form.

6      These findings and recommendations are submitted to the United
7  states District Judge assigned to the case, pursuant to the
8  provisions of Title 28 U.S.C. §636(b)(1). Within twenty days after
9  being served with these findings and recommendations, any party may
10 file written objections with the court and serve a copy on all
11 parties.   Such document should be captioned "Objections to
12 Magistrate Judge's Findings and Recommendations."   The parties are
13 advised that failure to file objections within the specified time
14 may waive the right to appeal the District Court's order. <u>Martinez</u>
15 <u>v. Ylst, 951 F.2d 1153 (9th Cir. 1991).</u>

16     IT IS SO ORDERED.

17

18 DATED: _December 22, 2005_                    _____
19                                              LAWRENCE J. O'NEILL
                                                UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

---

[AMENDED PROPOSED] FINDINGS AND RECOMMENDATIONS ON PRELIMINARY        CASE NO. CV F 04-5979 AWI LJO
APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT;
EXHIBITS A-C
                                        6

Exhibit A

1  Jerry Budin, Esq.
2  State Bar #88539
   LAW OFFICE OF JERRY BUDIN
3  1500 J Street, Second Floor
4  Modesto, California 95354
   Telephone: (209) 544-3030
5  Facsimile: (209) 544-3144

6
   Attorney for Plaintiff(s),
7  OVIDIO ORELLANA, et al.

8
   David Chidlaw, Esq.
9  Geoffrey DeBoskey, Esq.
   SHEPPARD, MULLIN, RICHTER & HAMPTON
10 333 South Hope Street, 48th Floor
11 Los Angeles, California 90071-1448
   Telephone: (213) 620-1780
12 Facsimile: (213) 620-1398
13
14 Attorneys for Defendant,
   SILVA TRUCKING
15

16              UNITED STATES DISTRICT COURT

17             EASTERN DISTRICT OF CALIFORNIA

18                    (Fresno Division)
19

20 | OVIDIO ORELLANA, et al. | CASE NO. CV F 04-5979 AWI LJO |

21              Plaintiff,        **STIPULATION AND
                                  SETTLEMENT AGREEMENT OF
22        v.                      CLASS ACTION CLAIMS;
                                  EXHIBITS 1-3**
23

24 SILVA TRUCKING, INC. and DOES 1
   through 100,
25
26              Defendants.

27

28
   W02-LA:LDB\70762801.4                    -1-

1          This Stipulation and Settlement Agreement of Class Action Claims
2  ("Settlement," "Stipulation," or "Agreement") is made by Ovidio Orellana (the
3  "Named Plaintiff") on behalf of himself and each of the other "Plaintiffs" as defined
4  herein, on the one hand, and the defendant, Silva Trucking, Inc. ("Silva"), on the
5  other hand, in the action pending in the United States District Court for the Eastern
6  District of California ("District Court"), Case No. F 04-5979 AWI LJO ("Class
7  Action" or "Action"), and is subject to the approval of the District Court.

8

9          The "Class Members" (also referred to as the "Class") consist of all
10  Plaintiffs who do not properly elect to exclude themselves from the terms of this
11  Agreement. The "Settlement Class Members" consist of all Class Members who
12  submit a Claim Form/FLSA Consent Form that is approved for payment under the
13  terms of this Stipulation.

14

15  I.      PROCEDURAL HISTORY

16

17          On March 15, 2004, a Complaint was filed by Ovidio Orellana seeking
18  overtime wages. Defendant answered the Complaint on May 12, 2004. By order of
19  Judge Anthony W. Ishii, this matter was transferred from Sacramento to Fresno and
20  assigned to Judge Ishii (Doc. 8).

21

22  II.     DEFINITION OF "PLAINTIFFS" AND CLASS MEMBERS

23

24          For purposes of this settlement, the parties propose the following
25  definition of the Class:

26

27          "All persons who are now employed or have been employed by
28  defendant Silva in the State of California who, on or after March 15, 2000 to

W02-LA:LDB\70762801.4                    -2-

1  October 1, 2004, have worked as a truck driver hauling sulfur and have worked in

2  excess of forty (40) hours per week without being paid overtime compensation by

3  Silva for those excess hours."

4

5     For the purpose of this settlement, the "Class Period" shall be defined

6  as March15, 20000 to October 1, 2004.

7

8  III.     INVESTIGATION IN THE CLASS ACTION

9

10     The Parties have conducted significant investigation of the facts and

11  law during the prosecution of this Action.  Such investigations have included, *inter*

12  *alia*, the exchange of information pursuant to discovery and numerous discussions

13  between representatives of the Parties.  Counsel for the Parties have further

14  investigated the applicable law as applied to the facts discovered regarding the

15  alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed

16  by Plaintiffs.  In pertinent part, the investigation has yielded the following:  The gist

17  of the Action is that Silva has failed to pay the Plaintiffs overtime as allegedly

18  required by law.  Plaintiffs are demanding various amounts for wages, penalties,

19  interest, attorneys' fees, and other damages.  Silva contends the Plaintiffs are exempt

20  from federal and California state overtime requirements by virtue of one or more

21  exemptions and/or exclusions recognized under federal and California law.

22

23  IV.     BENEFITS OF SETTLEMENT TO CLASS MEMBERS

24

25     Named Plaintiff recognizes the expense and length of continued

26  proceedings necessary to continue the litigation against Silva through trial and

27  through any possible appeals.  Named Plaintiff has also taken into account the

28  uncertainty and risk of the outcome of further litigation, and the difficulties and

W02-LA:LDB\70762801.4                    -3-

1   delays inherent in such litigation.  Named Plaintiff is also aware of the burdens of

2   proof necessary to establish liability for the claims asserted in the Action (the

3   "Claims" or "Class Action Claims"), Silva's defenses thereto, and the difficulties in

4   establishing damages for the Plaintiffs.  Named Plaintiff has also taken into account

5   the extensive settlement negotiations conducted, which negotiations ended in an

6   agreement that forms the basis for this Stipulation.    Based on the foregoing, Named

7   Plaintiff has determined that the Settlement set forth in this Agreement is a fair,

8   adequate and reasonable settlement, and is in the best interests of the Plaintiffs.

9

10  V.      SILVA'S REASONS FOR SETTLEMENT

11

12          Silva has concluded that any further defense of this litigation would be

13  protracted and expensive for all Parties.  Substantial amounts of time, energy and

14  resources of Silva have been and, unless this Settlement is made, will continue to be

15  devoted to the defense of the claims asserted by Plaintiffs.  Silva has, therefore,

16  agreed to settle in the manner and upon the terms set forth in this Agreement to put

17  to rest the Claims as set forth in the Class Actions.

18

19  VI.     SILVA'S DENIALS OF WRONGDOING

20

21          Silva has denied and continues to deny each of the claims and

22  contentions alleged by Plaintiffs in the Actions.  Silva has repeatedly asserted and

23  continues to assert defenses thereto, and has expressly denied and continues to deny

24  any wrongdoing or legal liability arising out of any of the facts or conduct alleged in

25  the Actions.  Silva also has denied and continues to deny, *inter alia*, the allegations

26  that the Plaintiffs have suffered damage; that Silva misclassified any of the Plaintiffs

27  as exempt from overtime; that Silva failed to pay any of the Plaintiffs for all

28  overtime to which they were entitled; that Silva engaged in any unlawful, unfair or

W02-LA:LDB\70762801.4                         -4-

1  fraudulent business practices; that Silva engaged in any wrongful conduct as alleged
2  in the Actions; or that the Plaintiffs were harmed by the conduct alleged in the
3  Action.  Neither this Agreement nor any document referred to or contemplated
4  herein, nor any action taken to carry out this Agreement, is, may be construed as, or
5  may be used as an admission, concession or indication by or against Silva of any
6  fault, wrongdoing or liability whatsoever.

7

8  VII.   <u>PLAINTIFFS' CLAIMS</u>

9

10         Plaintiffs have claimed and continue to claim that the Released Claims
11  (as defined below) have merit and give rise to liability on the part of Silva.  Neither
12  this Agreement nor any documents referred to herein, or any action taken to carry
13  out this Agreement is, or may be construed as or may be used as an admission by or
14  against the Plaintiffs or Class Counsel as to the merits or lack thereof of the claims
15  asserted, except as to the Released Claims of the Class Members.

16

17         NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among
18  the Named Plaintiff on behalf of the Plaintiffs on the one hand, and Silva on the
19  other hand, and subject to the approval of the District Court, that the Class Actions
20  are hereby being compromised and settled pursuant to the terms and conditions set
21  forth in this Agreement and that upon the Effective Date (as defined below) the
22  Class Actions shall be dismissed with prejudice, subject to the recitals set forth
23  hereinabove which by this reference become an integral part of this Agreement and
24  subject to the following terms and conditions:

25

26         1.     "<u>Effective Date</u>".  As used in this Settlement, "Effective Date"
27  means the date by which this Settlement is finally approved as provided herein and
28  the District Court's Final Judgment ("Final Judgment" or "Judgment") becomes

W02-LA:LDB\70762801.4                     -5-

1   final.  For purposes of this paragraph, the District Court's Final Judgment "becomes

2   final" upon the latter of: (i) the date of final affirmance on an appeal of the Final

3   Judgment; (ii) the expiration of the time for a petition for a writ of certiorari to

4   review the Final Judgment and, if certiorari be granted, the date of final affirmance

5   of the Final Judgment following review pursuant to that grant; (iii) the date of final

6   dismissal of any appeal from the Final Judgment or the final dismissal of any

7   proceeding on certiorari to review the Final Judgment; or (iv) if no appeal is filed,

8   the expiration date of the time for the filing or noticing of any appeal from the

9   District Court's Final Judgment.

10

11          2.      Full Investigation.  Named Plaintiff has fully investigated the

12   factual and legal bases for the causes of action asserted in the Class Actions.  Silva

13   has denied that it misclassified the Plaintiffs as exempt from overtime laws or failed

14   to pay Plaintiffs for all overtime due.  As a result of their investigation, Named

15   Plaintiff continues to believe that Silva misclassified at least some of the Plaintiffs

16   and unlawfully failed to pay them overtime between March 15, 2000 to October 1,

17   2004.  Given the disagreement between the Parties as to the viability of the claims

18   raised by the Named Plaintiff in the Class Actions, the Parties believe the Settlement

19   provided for herein is a fair, adequate, and reasonable settlement.

20

21          3.      Release As To All Class Members.  As of the Effective Date, the

22   Class Members, including the Named Plaintiff, release Silva and each of their past

23   or present officers, directors, shareholders, employees, agents, principals, heirs,

24   representatives, accountants, auditors, consultants, insurers and reinsurers, and its

25   and their respective successors and predecessors in interest, subsidiaries, affiliates,

26   parents and attorneys and each of their company-sponsored employee benefit plans

27   and all of their respective officers, directors, employees, administrators, fiduciaries,

28

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1 | trustees and agents (the "Released Parties"), from the "Released Claims."  For

2 | purposes of this Agreement, the "Released Claims" are defined as:

3 |

4 |         a.       all claims, demands, rights, liabilities, and causes of action

5 | of every nature and description whatsoever,

6 |

7 |         b.       known or unknown, asserted or that might have been

8 | asserted,

9 |

10 |         c.       whether in tort, contract, or for violation of any state or

11 | federal constitution, statute, rule or regulation, including state wage and hour laws,

12 |

13 |         d.       whether for economic damages, non-economic damages,

14 | restitution, penalties or liquidated damages,

15 |

16 |         e.       arising out of, relating to, or in connection with:

17 |

18 |         Any and all facts, transactions, events,
policies, occurrences, acts, disclosures,
19 |         statements, omissions or failures to act, which
20 |         are or could be the basis of claims that Silva
did not comply with all state wage and hour
21 |         laws, including claims: (a) that Silva did not
22 |         pay the Plaintiffs all amounts due for work
that was performed by the Plaintiffs for Silva;
23 |         (b); and/or that Silva owes wages, penalties,
24 |         interest, attorneys' fees or other damages of
any kind based on a failure to comply with
25 |         any state wage and hour laws, at any times on
26 |         or before the last day of the Class Period
(whether based on California state wage and
27 |         hour law, contract, or otherwise); and/or
28 |

W02-LA:LDB\70762801.4                    -7-

1  the causes of action asserted in the Class
2  Actions, including any and all claims for
   alleged failure to pay overtime pursuant to
3  state law, federal law, or contract, and, as
4  related to the foregoing, for alleged unlawful,
   unfair and/or fraudulent business practices
5  under California Business and Professions
   Code § 17200, et seq.
6

7      The Released Claims include any unknown claims that the Class

8  Members do not know or suspect to exist in their favor at the time of the release,

9  which, if known by them, might have affected their settlement with, and release of,

10 the Released Parties or might have affected their decision not to object to this

11 Settlement. With respect to the Released Claims, the Class Members stipulate and

12 agree that, upon the Effective Date, the Class Members shall be deemed to have, and

13 by operation of the Final Judgment shall have, expressly waived and relinquished, to

14 the fullest extent permitted by law, the provisions, rights and benefits of

15 Section 1542 of the California Civil Code, or any other similar provision under

16 federal or state law, which Section provides:

17

18     A general release does not extend to claims
       which the creditor does not know or suspect
19     to exist in his favor at the time of executing
       the release, which if known by him must have
20     materially affected his settlement with the
21     debtor.

22

23     The Class Members may hereafter discover facts in addition to or

24 different from those they now know or believe to be true with respect to the subject

25 matter of the Released Claims, but upon the Effective Date, shall be deemed to

26 have, and by operation of the Final Judgment shall have, fully, finally, and forever

27 settled and released any and all of the Released Claims, whether known or

28 unknown, suspected or unsuspected, contingent or non-contingent, which now exist,

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  or heretofore have existed, upon any theory of law or equity now existing or coming

2  into existence in the future, including, but not limited to, conduct that is negligent,

3  intentional, with or without malice, or a breach of any duty, law or rule, without

4  regard to the subsequent discovery or existence of such different or additional facts.

5

6  The Class Members agree not to sue or otherwise make a claim against

7  any of the Released Parties that is in any way related to the Released Claims.

8

9  4.  Release As to All Settlement Class Members.  As of the

10  Effective Date, all Settlement Class Members, including the Named Plaintiff, in

11  addition to releasing the Released Parties from the Released Claims as outlined in

12  subsection 3, release the Released Parties from the "Released Federal Claims."  For

13  purposes of this Agreement, the "Released Federal Claims" are defined as:

14

15  a.  all claims, demands, rights, liabilities, and causes of action

16  of every nature and description whatsoever,

17

18  b.  known or unknown, asserted or that might have been

19  asserted,

20

21  c.  whether in tort, contract, or for violation of any state or

22  federal constitution, statute, rule or regulation, including federal wage and hour

23  laws,

24

25  d.  whether for economic damages, non-economic damages,

26  restitution, penalties or liquidated damages,

27

28  e.  arising out of, relating to, or in connection with:

1  
2  
3  
4  
5  
6  
7  

any and all facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that Silva did not comply with all federal wage and hour laws, including the Fair Labor Standards Act, as well as claims: (a) that Silva did not pay the Plaintiffs all amounts due for work that was performed by the Plaintiffs for Silva; and/or

8  
9  
10  

the causes of action asserted in the Class Actions, including any and all claims for alleged failure to pay overtime.

11  
12 The Released Federal Claims include any unknown claims that the

13 Settlement Class Members do not know or suspect to exist in their favor at the time

14 of the release, which, if known by them, might have affected their settlement with,

15 and release of, the Released Parties or might have affected their decision not to

16 object to this Settlement. With respect to the Released Federal Claims, the

17 Settlement Class Members stipulate and agree that, upon the Effective Date, the

18 Settlement Class Members shall be deemed to have, and by operation of the Final

19 Judgment shall have, expressly waived and relinquished, to the fullest extent

20 permitted by law, the provisions, rights and benefits of Section 1542 of the

21 California Civil Code, or any other similar provision under federal or state law,

22 which Section provides:

23  
24  
25  
26  
27  

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

28  
W02-LA:LDB\70762801.4                                      -10-

1        The Settlement Class Members may hereafter discover facts in addition

2 to or different from those they now know or believe to be true with respect to the

3 subject matter of the Released Federal Claims, but upon the Effective Date, shall be

4 deemed to have, and by operation of the Final Judgment shall have, fully, finally,

5 and forever settled and released any and all of the Released Federal Claims, whether

6 known or unknown, suspected or unsuspected, contingent or non-contingent, which

7 now exist, or heretofore have existed, upon any theory of law or equity now existing

8 or coming into existence in the future, including, but not limited to, conduct that is

9 negligent, intentional, with or without malice, or a breach of any duty, law or rule,

10 without regard to the subsequent discovery or existence of such different or

11 additional facts.

12

13        The Settlement Class Members agree not to sue or otherwise make a

14 claim against any of the Released Parties that is in any way related to the Released

15 Federal Claims.

16

17        5.    General Release By Named Plaintiffs Only. In addition to the

18 releases made in Paragraphs 3 and 4 hereof, the Named Plaintiff, as of the Effective

19 Date, makes the additional following general release of all claims, known or

20 unknown.

21

22        a.    The Named Plaintiff releases the Released Parties from all

23 claims, demands, rights, liabilities and causes of action of every nature and

24 description whatsoever, known or unknown, asserted or that might have been

25 asserted, whether in tort, contract, or for violation of any state or federal statute, rule

26 or regulation arising out of, relating to, or in connection with any act or omission by

27 or on the part of any of the Released Parties committed or omitted prior to the

28

W02-LA:LDB\70762801.4        **-11-**

1  execution hereof. (The release set forth in this Paragraph 5 shall be referred to
2  hereinafter as the "General Release").

3

4                    b.        The General Release includes any unknown claims the
5  Named Plaintiff does not know or suspect to exist in his favor at the time of the
6  General Release, which, if known by him, might have affected his settlement with,
7  and release of, the Released Parties by the Named Plaintiff or might have affected
8  his decision not to object to this Settlement or the General Release.

9

10                   c.        With respect to the General Release, the Named Plaintiff
11 stipulates and agrees that, upon the Effective Date, the Named Plaintiff shall be
12 deemed to have, and by operation of the Final Judgment shall have, expressly
13 waived and relinquished, to the fullest extent permitted by law, the provisions, rights
14 and benefits of Section 1542 of the California Civil Code, or any other similar
15 provision under federal or state law, which provides:

16

17          A general release does not extend to claims which the creditor does not
             know or suspect to exist in his favor at the time of executing the
18          release, which if known by him must have materially affected his
             settlement with the debtor.
19

20                   d.        The Named Plaintiff may hereafter discover facts in
21 addition to or different from those he now knows or believes to be true with respect
22 to the subject matter of the General Release, but the Named Plaintiff upon the
23 Effective Date, shall be deemed to have, and by operation of the Final Judgment
24 shall have, fully, finally, and forever settled and released any and all of the claims
25 released pursuant to the General Release whether known or unknown, suspected or
26 unsuspected, contingent or non-contingent, which now exist, or heretofore have
27 existed upon any theory of law or equity now existing or coming into existence in
28 the future, including, but not limited to, conduct that is negligent, intentional, with
W02-LA:LDB\70762801.4                          -12-
                                                          STIPULATION AND SETTLEMENT
                                                          AGREEMENT OF CLASS ACTION CLAIMS

1  or without malice, or a breach of any duty, law or rule, without regard to the
2  subsequent discovery or existence of such different or additional facts.

3

4          6.    <u>Settlement Fund</u>.  The term "Settlement Fund" shall refer to the
5  funds that Silva will distribute to Settlement Class Members and Plaintiffs' counsel
6  in accordance with Paragraph 8 below.  The Settlement Fund shall total $140,000.00
7  (One Hundred Forty Thousand Dollars and No Cents).  It does not include the
8  employer's share of applicable payroll taxes or costs of administration.

9

10         7.    <u>Allocation of Settlement Fund</u>.  The Settlement Fund shall be
11  allocated among these elements:  (a) the total payments to the Settlement Class
12  Members of the Gross Settlement Amounts less deductions as explained in
13  paragraph 8 below (the potential total Gross Settlement Amounts shall collectively
14  be referred to as the "Payout Fund"); (b) the Fees Award (as hereinafter defined) to
15  Class Counsel; (c) the Costs Award (as hereinafter defined); and (d) The Incentive
16  Awards to the Named Plaintiff (as hereinafter defined).  There shall be no reversion
17  of any portion of the Settlement Fund to Defendant Silva.

18

19         8.    <u>Plan of Allocation for Payment to Settlement Class Members</u>.
20  Within fifteen (15) days after the Effective Date, and solely for purposes of this
21  Settlement, Silva shall pay the Settlement Awards (as hereinafter defined) to the
22  Settlement Class Members in accordance with the following eligibility and
23  settlement formula requirements:

24

25         a.    Excluded from becoming Settlement Class Members are
26  those Plaintiffs who submit valid and timely requests for exclusion pursuant to the
27  terms and procedures of the Notice of Pendency and Settlement of Class Action;

28

W02-LA:LDB\70762801.4                          -13-

1  Settlement Hearing; and Claim, Consent, and Exclusion Procedures (attached as
2  Exhibit 1 hereto).

3

4                    b.      All Class Members will be eligible to submit a claim for a
5  "Settlement Award" (as defined below). If a Class Member submits a timely and
6  properly completed Claim Form/FLSA Consent Form ("Claim Form") (attached as
7  Exhibit 2 hereto) then the Class Member will be a "Settlement Class Member."
8  Silva will pay Settlement Awards to all Settlement Class Members. The Gross
9  Settlement Amounts payable to the Settlement Class Members will be calculated by
10  determining the number of overtime hours worked by each Settlement Class
11  Member between March 15, 2000 and October 1, 2004. The total number of
12  overtime hours worked by the Settlement Class Members will be added together
13  ("Total Overtime Hours.") The number of overtime hours worked by each
14  Settlement Class Member will be divided by the Total Overtime Hours Worked,
15  resulting in a payout ratio for each Settlement Class Member ("Payout Ratio"). The
16  Gross Settlement Amount to each Settlement Class Member will be determined by
17  multiplying an individual's Payout Ratio by the Payout Fund ("Gross Settlement
18  Amount"). The records of Silva showing the number of overtime hours worked by
19  each Plaintiff will be dispositive.

20

21                    c.      From each Settlement Class Member's Gross Settlement
22  Amount, payroll deductions will be made for state and federal withholding taxes and
23  any other applicable payroll deductions owed by the Settlement Class Member as a
24  result of the payment, resulting in a "Net Settlement Amount." The Net Settlement
25  Amount that will be paid to each Settlement Class Member is the Settlement Class
26  Member's "Settlement Award." Silva shall pay the employer's share of any
27  applicable payroll taxes.

28

W02-LA:LDB\70762801.4                          -14-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1              d.    CIRCULAR 230 DISCLAIMER. EACH PARTY TO
THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE
2   "ACKNOWLEDGING PARTY"; AND EACH PARTY TO THIS AGREEMENT
OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")
3   ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS
AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE
4   BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND
OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH
5   COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED
OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF
6   UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART
10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED
7   EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND
TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN
8   CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO
THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY
9   OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER
PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY
10  COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER
TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE
11  IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY
OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION
12  THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S
OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH
13  LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE
ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX
14  STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION
CONTEMPLATED BY THIS AGREEMENT.

15

16           9.    Prospective Employment Practices. As noted above, Silva

17  believed and believes that all of its drivers were properly classified as exempt from

18  overtime pursuant to state and federal law. However, the Parties desire to eliminate

19  future disputes as to these issues and consequently the Parties have agreed as

20  follows:

21

22           a.    As of October 1, 2004, Silva has and will continue to

23  classify all sulfur drivers as not exempt for purposes of FLSA overtime wages.

24

25           b.    Except as set forth in the preceding paragraph in this

26  Section 9, Silva is not obligated by virtue of this Settlement Agreement to make any

27  particular changes from Exempt to non-Exempt status.

28

W02-LA:LDB\70762801.4          -15-

1    c.    To the extent Silva makes any changes from Exempt to
2 non-Exempt status, Silva may later change the employees to Exempt status based on
3 any relevant changes or clarifications to California state law, Federal law, or
4 administrative interpretation.

5

6    10.    Fees Award and Incentive Award.

7

8    a.    Jerry Budin of the Law Offices of Jerry Budin ("Plaintiffs'
9 Counsel" or "Class Counsel") shall seek an award of attorneys' fees ("Fees Award")
10 of $42,000.00 (Forty-Two Thousand Dollars and No Cents), constituting thirty
11 percent (30%) of the value of the Settlement Fund. Class Counsel shall also seek an
12 award for actual costs incurred in the pursuit of this action ("Costs Award").
13 Plaintiffs' Counsel shall not be permitted to petition the Court for, or accept, any
14 additional payments for fees, costs or interest and the Fees Award shall be for all
15 claims for attorneys' fees and costs past, present and future incurred in the Actions.
16 Silva will not oppose the request for fees and costs.

17

18    b.    The Fees Award and Costs Award shall be paid by Silva
19 from the Settlement Fund to the Plaintiffs' counsel within fifteen (15) calendar days
20 after the Effective Date.

21

22    c.    Silva's payment of the Fees Award and Costs Award to the
23 Plaintiffs' counsel shall constitute full satisfaction of the obligation to pay any
24 amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in
25 the Action incurred by any attorney on behalf of Named Plaintiffs and the Class
26 Members, and shall relieve Silva, the Claims Administrator, the Settlement Fund,
27 and Silva's Counsel of any other claims or liability to any other attorney or law firm

28
W02-LA:LDB\70762801.4    -16-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  for any attorneys' fees, expenses and/or costs to which any of them may claim to be
2  entitled on behalf of Named Plaintiff and the Class Members.

3

4          d.     Class Counsel will apply for incentive awards to the
5  Named Plaintiff in an amount not to exceed $10,000 (Ten Thousand Dollars)
6  ("Incentive Award") to be paid by the Plaintiffs to the Named Plaintiff for his time
7  and effort spent pursuing the Action. The Incentive Award shall be paid out of and
8  deducted from the Settlement Fund, and for administrative purposes shall be paid in
9  the form of a check from Silva or the Claims Administrator. Silva and the Plaintiffs
10  agree not to oppose such an application, so long as it is consistent with the
11  provisions of this Agreement. Any Incentive Award shall be paid to Class Counsel
12  within fifteen (15) days of the Effective Date. The Named Plaintiff shall receive a
13  Settlement Award from Silva in addition to this Incentive Award from the Plaintiffs.
14  The Named Plaintiff's Incentive Award will not be treated as wages for withholding
15  purposes. The Named Plaintiff will receive 1099 forms related to the Incentive
16  Award. If at some future date it should be claimed or determined that any tax
17  withholding should have been made by Silva or tax payment made by Named
18  Plaintiff resulting from or relating to the settlement of this case, Named Plaintiff
19  agrees to be solely liable for and pay all taxes, penalties, and assessments. Named
20  Plaintiff also agree to indemnify and hold Silva harmless from any costs, penalties,
21  and assessments to which Silva may be subject to by reason of its payment in
22  settlement of this case.

23

24          e.     If Silva fails to pay any amounts due under this Agreement
25  within the times allowed, then Silva will be obligated to pay 6% per annum interest
26  on the past due amounts, running from the due date(s) for the past due amounts.

27

28     11.    Responsibilities of Silva. Silva shall:
   W02-LA:LDB\70762801.4                    -17-

                                                 STIPULATION AND SETTLEMENT
                                                 AGREEMENT OF CLASS ACTION CLAIMS

1          a.     Pay the Claims Administrator for costs and expenses of

2 administering this Settlement after the Claims Administrator has submitted bills to

3 Silva and those bills have been approved by Silva;

4

5          b.     Pay, or cause the Claims Administrator to pay, the

6 Incentive Award to the Named Plaintiff within 15 calendar days after the Effective

7 Date;

8

9          c.     Pay, or cause the Claims Administrator to pay, the Fees

10 Award within 15 calendar days after the Effective Date;

11

12          d.     Provide, after the execution of this Stipulation, the Claims

13 Administrator and Class Counsel with "Database Reports" showing each Plaintiff's

14 name, address, employee or social security number and payroll history between

15 March 15, 2000 and October 1, 2004;

16

17          e.     Pay, or cause the Claims Administrator to pay, the

18 Settlement Awards to the Settlement Class Members in accordance with the terms of

19 this Agreement;

20

21         12.    <u>Operation of the Settlement Fund.</u>

22

23          a.     At no time shall Silva have the obligation to segregate the

24 funds comprising the Settlement Fund from its other assets and will retain exclusive

25 authority over, and responsibility for, those funds.

26

27          b.     Either Silva or the Claims Administrator, as determined by

28 Silva, will calculate the net amounts to be paid to the Settlement Class Members

W02-LA:LDB\70762801.4          -18-

1 from the Payout Fund in accordance with the terms and provisions of this

2 Agreement.

3

4             c.      Either Silva or the Claims Administrator, as determined by

5 Silva, shall have the authority and obligation to make payments, credits and

6 disbursements, including payments and credits in the manner set forth herein, to

7 Settlement Class Members from the Payout Fund calculated in accordance with the

8 methodology set out in this Agreement and orders of the Court.

9

10             d.      Either Silva or the Claims Administrator, as determined by

11 Silva, shall make all proper payments, disbursements and credits from the

12 Settlement Fund.

13

14             e.      The Parties do not believe there are any tax return filing

15 requirements pursuant to this Agreement. However, to the extent any tax returns

16 must be filed, either Silva or the Claims Administrator, as determined by Silva, shall

17 also cause to be timely and properly filed all informational and other tax returns, if

18 any, necessary with respect to the Settlement Fund. Such returns shall be consistent

19 with this paragraph. The parties do not believe that the operation of the Settlement

20 Fund will generate any taxable income, as no segregated Settlement Fund will be

21 created. However, if any taxable income is generated by the Settlement Fund, in all

22 events the tax returns filed shall reflect that all taxes payable on the taxable income

23 of the Settlement Fund, if any, shall be paid by Silva. Any expenses consisting of

24 the expenses and costs incurred in connection with the operation and

25 implementation of this paragraph (including, without limitation, reasonable

26 expenses of tax attorneys, accountants or other designees retained by Silva and/or

27 the Claims Administrator as required for the preparation and filing of tax returns

28

W02-LA:LDB\70762801.4                -19-

1 described in this paragraph) shall be treated as, and considered to be, a cost of
2 administration of the Settlement and paid by Silva.

3

4                 f.        No person or entity, including Silva, Silva's Counsel, the
5 Named Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the Claims
6 Administrator shall have any claim against Silva, Silva's Counsel, the Named
7 Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the Claims Administrator
8 based on distributions and payments made in accordance with this Agreement.

9

10                 g.        The maximum amount Silva can be required to pay under
11 this Settlement for any purpose is the amount of the Settlement Fund and the cost of
12 the Claims Administrator, plus its share of any applicable payroll taxes.

13

14             13.     No Injunctive Relief. As part of this Settlement, Silva shall not
15 be required to enter into any consent decree, nor shall Silva be required to agree to
16 any provision for injunctive relief.

17

18             14.     Notice/Approval of Settlement and Settlement Implementation.
19 As part of this Settlement, the Parties agree to the following procedures for
20 obtaining preliminary District Court approval of the Settlement, certifying a
21 Settlement Class, notifying Class Members, obtaining final District Court approval
22 of the Settlement and processing the settlement payments:

23

24                 a.        Preliminary Settlement Hearing. Plaintiff shall request a
25 hearing before the District Court to request preliminary approval of the Settlement
26 and to request the entry of the order for certification of the Settlement Class
27 ("Preliminary Approval Order" or "Order") (attached as Exhibit 3 hereto). In
28 conjunction with this hearing, Plaintiff will submit this Agreement, which sets forth

W02-LA:LDB\70762801.4                 -20-

1 | the terms of this Settlement, and will include proposed forms of all notices and other
2 | documents as attached hereto necessary to implement the Settlement.

3

4             b.      Certification of Settlement Class. Simultaneous with the
5 | filing of the Stipulation of Settlement and solely for purposes of this Settlement,
6 | Plaintiff will request the District Court to enter the Preliminary Approval Order
7 | substantially in the form of Exhibit 3 hereto, preliminarily approving the proposed
8 | Settlement, forming the Settlement Class and setting a date for a Settlement Hearing
9 | to determine final approval of the Settlement. The Order shall provide for notice of
10 | the Settlement and related matters to be sent to Class Members as specified herein.
11

12             c.      Notice to Class Members. Notice of the Settlement shall
13 | be provided to Class Members, and Class Members shall submit objections to the
14 | Settlement and/or requests for exclusion from the Class, using the following
15 | procedures:

16

17             (1)     Claims Administrator. Gilardi & Co. (hereinafter "Gilardi"), or
18             such other entity upon whom the Parties mutually agree, shall be
19             retained to serve as Claims Administrator. Subject to Silva's exercise
20             of its discretion to do these tasks itself as set forth in Paragraphs 11
21             and 12, the Claims Administrator shall be responsible for preparing,
22             printing and mailing the Notice (attached as Exhibit 1 hereto) and the
23             Claim Form (attached as Exhibit 2 hereto) as directed by the Court to
24             the Class Members, receiving and reviewing the Claim Forms
25             submitted by Class Members to determine eligibility for payment as a
26             Settlement Class Member and the amount of any such payment, along
27             with the amount of all payroll tax deductions to be withheld, keeping
28             track of opt outs, drafting and mailing Settlement Award checks to

W02-LA:LDB\70762801.4           -21-

1  Settlement Class Members, and for such other tasks as the Parties
2  mutually agree or the District Court orders the Claims Administrator to
3  perform. The Parties each represent they do not have any financial
4  interest in Gilardi or otherwise have a relationship withGilardi that
5  could create a conflict of interest. Silva shall be responsible for paying
6  all agreed Claims Administrator's Administration Fees upon
7  presentation of invoices by the Claims Administrator. Silva shall also
8  be responsible for paying over to the Claims Administrator at such
9  times as requested by the Claims Administrator those amounts
10  necessary to enable the Claims Administrator to pay Settlement Class
11  Members, if those payments are made by the Claims Administrator
12  rather than Silva.

13

14  (2)    Notice By First-Class Mail. Within 30 days after entry of the
15  Preliminary Approval Order as provided herein, the Claims
16  Administrator shall send a copy of a Notice of Pendency and
17  Settlement of Class Action; Settlement Hearing; and Claim, Consent,
18  and Exclusion Procedures ("Notice") (attached as Exhibit 1 hereto ),
19  together with a Claim Form (attached as Exhibit 2 hereto), to all Class
20  Members via First Class regular U.S. mail, using the most current
21  mailing address information for Class Members as provided by Silva to
22  the Claims Administrator from Silva's payroll records. Any Notices
23  returned to the Claims Administrator as non-delivered before the
24  Objection/Exclusion Deadline Date specified below, shall be sent to the
25  forwarding address affixed thereto. If no forwarding address is
26  provided, then Silva (or the Claims Administrator) shall promptly
27  attempt to determine a correct address using a single computer or other
28  search using the social security number of the individual involved. In

W02-LA:LDB\70762801.4                                    -22-

1    the event the procedures in this paragraph are followed and the

2    intended recipient of a Notice still does not receive the Notice, the

3    intended recipient shall remain a Class Member and will be bound by

4    all terms of the Settlement and any Final Judgment entered by the

5    District Court if the Settlement is approved by the District Court.  In

6    the event the procedures in this paragraph are followed and a Class

7    Member does not ultimately return a Claim Form/FLSA Consent Form,

8    the Class Member shall remain a Class Member and will be bound by

9    all terms of the Settlement and any Final Judgment entered by the

10    District Court if the Settlement is approved by the District Court, so

11    long as the Class Member does not properly and timely indicate that he

12    or she wishes to be excluded from the Class.  At the direction of Silva,

13    the Claims Administrator shall send additional Notices and

14    correspondence to any Class Member that did not respond to the initial

15    Notice.

16

17    15.   Procedure for Objecting to or Requesting Exclusion From Class

18         Action Settlement.

19

20    a.   Procedure for Objecting.  The Notice shall provide that

21 Class Members/Settlement Class Members who wish to object to the Settlement

22 must file with the District Court and serve on counsel for the Parties a written

23 statement objecting to the Settlement.  Such written statement must be filed with the

24 District Court and served on counsel for the Parties no later than thirty (30) days

25 after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date").

26 No Class Members/Settlement Class Members shall be entitled to be heard at the

27 final Settlement Hearing (whether individually or through separate counsel) or to

28 object to the Settlement, and no written objections or briefs submitted by any Class

1  Members/Settlement Class Members shall be received or considered by the District
2  Court at the Settlement Hearing, unless written notice of the Class
3  Members'/Settlement Class Members' intention to appear at the Settlement Hearing,
4  and copies of any written objections or briefs, shall have been filed with the District
5  Court and served on counsel for the Parties on or before the Objection/Exclusion
6  Deadline Date. Class Members/Settlement Class Members who fail to file and serve
7  timely written objections in the manner specified above shall be deemed to have
8  waived any objections and shall be foreclosed from making any objection (whether
9  by appeal or otherwise) to the Settlement.

10

11         b.    Procedure for Requesting Exclusion. The Notice shall
12  provide that Class Members who wish to exclude themselves from the Class must
13  submit a written statement requesting exclusion from the Class on or before the
14  Objection/Exclusion Deadline Date. Such written request for exclusion must
15  contain the name, address, telephone number and Social Security number of the
16  person requesting exclusion and the location and years of his or her employment by
17  Silva, must be returned by mail to the Claims Administrator at a specified address
18  and must be postmarked on or before the Objection/Exclusion Deadline Date. The
19  date of the postmark on the return mailing envelope shall be the exclusive means
20  used to determine whether a request for exclusion has been timely submitted. Any
21  Plaintiff who opts out of the Class will not be entitled to any recovery under the
22  Settlement and will not be bound by the Settlement or have any right to object,
23  appeal or comment thereon. Class Members who fail to submit a valid and timely
24  request for exclusion on or before the Objection/Exclusion Deadline Date shall be
25  bound by all terms of the Settlement and any Final Judgment entered in this Class
26  Action if the Settlement is approved by the District Court, regardless of whether
27  they have requested exclusion from the Settlement. Class Members who fail to
28  submit a Claim Form/FLSA Consent Form that is approved for payment under the

W02-LA:LDB\70762801.4                    -24-

1 terms of this Stipulation, and as such are not Settlement Class Members, will remain
2 a Class Member and shall be bound by all terms of the Settlement and any Final
3 Judgment entered in the Class Actions, even though he or she will receive no
4 Settlement Award, so long as he or she does not timely and properly request to be
5 excluded from the Settlement. No later than five court days before the Settlement
6 Hearing, the Claims Administrator shall provide Silva's Counsel and Plaintiffs'
7 Counsel with a complete list of all Class Members who have timely requested
8 exclusion from the Class, along with the number and gross settlement amount of
9 valid Claim Forms received.

10

11          16.     No Solicitation of Settlement Objections or Exclusions. The
12 Parties agree to use their best efforts to carry out the terms of this Settlement. At no
13 time shall any of the Parties or their counsel seek to solicit or otherwise encourage
14 Settlement Class Members to submit written objections to the Settlement or requests
15 for exclusion from the Settlement Class, or appeal from the District Court's Final
16 Judgment.

17

18          17.     Option to Terminate Settlement. If, after the objection/Exclusion
19 Deadline Date and before the Settlement Hearing referenced in paragraph 18 below,
20 persons who otherwise would be members of the Settlement Class have filed timely
21 requests for exclusion from the Settlement Class in accordance with paragraph 15(b)
22 above, and the collective overtime hours worked by such persons constitute more
23 than 5 % of the total number of overtime hours worked by Plaintiffs, Silva shall
24 have, in its sole discretion, the option to terminate this Settlement. Additionally,
25 Silva shall have the right to terminate this Settlement if more than 20% of the
26 Plaintiffs fail to submit a Claim Form/FLSA Consent Form that is approved for
27 payment under the terms of this Stipulation.

28

W02-LA:LDB\70762801.4                    -25-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1       18.    Final Settlement Approval Hearing and Entry of Final Judgment.
2 Upon expiration of the Objection/Exclusion Deadline Date, with the District Court's
3 permission, a Settlement Hearing shall be conducted to determine final approval of
4 the Settlement along with the amount properly payable for (i) attorneys' fees and
5 costs, (ii) Incentive Awards, and (iii) cost of administration. Upon final approval of
6 the Settlement by the District Court at or after the Settlement Hearing, the Parties
7 shall present a Final Judgment ("Final Judgment") to the District Court for its
8 approval. After entry of the Final Judgment, the District Court shall have
9 continuing jurisdiction solely for purposes of addressing: (i) settlement
10 administration matters and (ii) such post-Final Judgment matters as may be
11 appropriate under court rules or as set forth in this Agreement.
12
13       19.    Procedure for Payment of Settlement Awards. Except for
14 Plaintiffs who submit valid and timely requests for exclusion as provided herein, all
15 Settlement Class Members who have submitted a valid and timely Claim Form will
16 receive a Settlement Award from Silva, distributed by Silva or through the Claims
17 Administrator. A Plaintiff who submits a valid and timely request for exclusion will
18 not receive a Settlement Award, even if they submit a Claim Form. The Claim
19 Form shall include instructions on how to submit the form, and shall notify Class
20 Members that the Claim Form must be completed, signed and returned by mail no
21 later than sixty (60) days after the date the Claim Form was mailed (the "Claim
22 Deadline") for a Class Member to be eligible to receive any Settlement Award,
23 unless SILVA agrees to accept the late claim. The date of the postmark on the
24 return envelope shall be the exclusive means used to determine whether a Class
25 Member has "timely" returned his/her Claim Form on or before the Claim Deadline.
26 Claim Forms received by the Claims Administrator that have been postmarked after
27 the Claim Deadline shall be disregarded. For purposes of this Agreement, a Claim
28 Form shall be deemed "valid" only if: (1) the Class Member has provided on the

W02-LA:LDB\70762801.4                     -26-

                                              STIPULATION AND SETTLEMENT
                                              AGREEMENT OF CLASS ACTION CLAIMS

1 Claim Form his or her name, social security number and telephone number; (2) the
2 Class Member has dated and signed the Claim Form; and (3) the name and social
3 security number provided by the Class Member on the Claim Form match Silva's
4 records as provided to the Claims Administrator. If a Class Member's Claim Form
5 is defective as to any of these three requirements, the Class Member shall be given
6 an opportunity to cure the defect(s). Any such Claim Form shall be returned to the
7 Class Member, who will be informed of the defect(s). The Class Member will be
8 given twenty (20) days from the date the Claim Form was mailed back to the Class
9 Member within which to cure the defect(s) and return the Claim Form to the Claims
10 Administrator. The Class Member shall be given the full twenty days to cure the
11 defect even if a portion of that amount of time exceeds the sixty day period. If the
12 revised Claim Form is not postmarked within that twenty-day period, it shall be
13 deemed untimely and the claim will be rejected. The name and social security
14 number provided by the Class Member will be deemed to match Silva's records only
15 if: (1) both the first name and the last name and the Social Security number
16 provided by the Class Member match Silva's records; (2) the first name and the
17 social security number provided by the Class Member match Silva's records and it
18 appears the last name has been changed as a result of a change in marital status; (3)
19 the social security number and last name matches Silva's records and the first name
20 provided is either a nickname or a shortened or lengthened version of the name that
21 appears in Silva's records. Although Class Members who do not submit a valid and
22 timely Claim Form shall not receive a Settlement Award, such persons shall
23 nonetheless be members of the Class and will be bound by all terms of the
24 Settlement and any Final Judgment entered in the Class Actions if the Settlement is
25 approved by the District Court. After the conclusion of the defect cure period, the
26 Claims Administrator will send a Notice of Denied Claim form to any Class
27 Member who had submitted a Claim Form that was not timely and/or not valid,
28 stating the reason the claim was denied. Settlement Awards for Settlement Class

W02-LA:LDB\70762801.4                                    -27-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1 Members shall be paid pursuant to the settlement formula set forth herein within
2 fifteen (15) days after the Effective Date. Silva's and the Claims Administrator's
3 determination of eligibility for, and the amounts of, any Settlement Awards under
4 the terms of this Agreement, shall be conclusive, final and binding on all Parties,
5 including all Settlement Class Members, subject to review by Plaintiffs' Counsel and
6 the Court, if necessary. Any checks paid to Settlement Class Members shall remain
7 valid and negotiable for one hundred eighty (180) days from the date of their
8 issuance and may thereafter automatically be canceled if not cashed by a Settlement
9 Class Member within that time, at which time the Settlement Class Member's claim
10 will be deemed void and of no further force and effect. Any balance remaining in
11 any bank account created by the Claims Administrator shall be distributed on a pro
12 rata basis to the other Settlement Class Members. Administration of the Settlement
13 shall be completed on or before the date two hundred seventy (270) days after the
14 Effective Date. Upon completion of administration of the Settlement, either Silva or
15 the Claims Administrator shall provide written certification of such completion to
16 the District Court and Plaintiffs' Counsel.

17

18           20.    Claims Administration Costs. All of Silva's own legal fees, costs
19 and expenses incurred in this Action shall be borne by Silva. Silva shall also pay for
20 the cost of any Claims Administrator. The Parties agree to cooperate in the
21 Settlement administration process and to make all reasonable efforts to control and
22 minimize the costs and expenses incurred in administration of the Settlement.

23

24           21.    Nullification of Settlement Agreement. In the event: (i) the
25 District Court does not enter the Order specified herein; (ii) the District Court does
26 not finally approve the Settlement as provided herein; (iii) the District Court does
27 not enter a Final Judgment as provided herein which becomes final as a result of the
28 occurrence of the Effective Date; or (iv) the Settlement does not become final for

W02-LA:LDB\70762801.4                            -28-

                                                    STIPULATION AND SETTLEMENT
                                                    AGREEMENT OF CLASS ACTION CLAIMS

1 any other reason, this Settlement Agreement shall be null and void and any order or
2 judgment entered by the Court in furtherance of this Settlement shall be treated as
3 void *ab initio*. In such a case, the Parties and any funds to be awarded under this
4 Settlement shall be returned to their respective statuses as of the date and time
5 immediately prior to the execution of this Agreement, and the Parties shall proceed
6 in all respects as if this Settlement Agreement had not been executed, except that
7 any fees already incurred by the Claims Administrator shall be paid for by Silva and
8 shall not be repaid to Silva. In the event an appeal is filed from the District Court's
9 Final Judgment, or any other appellate review is sought prior to the Effective Date,
10 administration of the Settlement shall be stayed pending final resolution of the
11 appeal or other appellate review.

12

13        22.    Appraisal and Certification By Claims Administrator. The
14 Claims Administrator shall keep Silva, Silva's counsel and Plaintiffs' Counsel
15 apprised of all distributions from the Settlement Fund (to the extent the Claims
16 Administrator is responsible for any such distribution) and upon completion of
17 administration of that portion of the Settlement, the Claims Administrator shall
18 provide written certification of such completion to the District Court and counsel for
19 all Parties.

20

21        23.    Privacy of Documents and Information. Plaintiffs and their
22 counsel agree that none of the documents and information provided to them by Silva
23 shall be used for any purpose other than prosecution of the Class Actions. The
24 protective order entered into by the parties shall remain in effect throughout the
25 completion of the settlement and following the conclusion of the settlement and the
26 dismissal of this matter.

27

28
W02-LA:LDB\70762801.4                    -29-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1    24.    No Effect on Employee Benefits. The Settlement Awards paid
2    to the Named Plaintiff or other Settlement Class Members shall be deemed not to be
3    pensionable earnings and shall not have any effect on the eligibility for, or
4    calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement
5    plans, etc.) of the respective Named Plaintiff or Settlement Class Members. The
6    Parties agree that any Settlement Awards to Settlement Class Members under the
7    terms of this Agreement do not represent any modification of Settlement Class
8    Members' previously credited hours of service or other eligibility criteria under any
9    employee pension benefit plan or employee welfare benefit plan sponsored by Silva.
10   Further, any Settlement Awards or Incentive Awards hereunder shall not be
11   considered "compensation" in any year for purposes of determining eligibility for, or
12   benefit accrual within, an employee pension benefit plan or employee welfare
13   benefit plan sponsored by Silva.

14

15   25.    Publicity. From and after the execution of this Agreement, the
16   Named Plaintiff and Plaintiffs' Counsel may: (1) in response to specific questions
17   from Plaintiffs; (2) as required by law; or (3) as required under the terms of this
18   Agreement, comment regarding the specific terms of this Agreement. In all other
19   cases, the Named Plaintiff and Plaintiffs' Counsel agree to limit their statements
20   regarding the terms of this Agreement, whether oral, written or electronic (including
21   the world wide web), to say the Class Actions have been resolved and that Named
22   Plaintiff and Plaintiffs' Counsel are satisfied with the settlement terms. Neither the
23   Named Plaintiff, Plaintiffs nor Plaintiffs' Counsel shall hold any press conference
24   related in any way to the Settlement. This paragraph only applies to the terms of the
25   Agreement and does not preclude Named Plaintiff and Plaintiffs' Counsel from
26   referring others to the Court file.

27

28

W02-LA:LDB\70762801.4                    -30-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1             26.    <u>No Admission By the Parties</u>. Silva and the Released Parties

2 deny any and all claims alleged in the Class Actions and deny all wrongdoing

3 whatsoever. This Agreement is not a concession or admission, and shall not be used

4 against Silva or any of the Released Parties as an admission or indication with

5 respect to any claim of any fault, concession or omission by Silva or any of the

6 Released Parties. Whether or not the Settlement is finally approved, neither the

7 Settlement, the terms sheet entered into at the time that the settlement was reached,

8 nor any document, statement, proceeding or conduct related to this Agreement, the

9 terms sheet entered into at the time of the settlement, nor any reports or accounts

10 thereof, shall in any event be:

11

12                a.    construed as, offered or admitted in evidence as, received

13 as, or deemed to be evidence for any purpose adverse to the Released Parties,

14 including, but not limited to, evidence of a presumption, concession, indication or

15 admission by any of the Released Parties of any liability, fault, wrongdoing,

16 omission, concession or damage; or

17

18                b.    disclosed, referred to or offered or received in evidence

19 against any of the Released Parties, in any further proceeding in the Class Actions,

20 or any other civil, criminal or administrative action or proceeding except for

21 purposes of settling this Class Actions pursuant to this Agreement.

22

23             27.    <u>Exhibits and Headings</u>. The terms of this Agreement include the

24 terms set forth in any attached Exhibits 1-3, which are incorporated by this reference

25 as though fully set forth herein. Any Exhibits to this Agreement are an integral part

26 of the Settlement. The descriptive headings of any paragraphs or sections of this

27 Agreement are inserted for convenience of reference only and do not constitute a

28 part of this Agreement.

W02-LA:LDB\70762801.4            -31-

1      28.   Interim Stay of Proceedings.  The Parties agree to hold all
2  proceedings in the Class Actions, except such proceedings necessary to implement
3  and complete the Settlement, in abeyance pending the Settlement Hearing to be
4  conducted by the District Court.

5

6      29.   Amendment or Modification.  This Agreement may be amended
7  or modified only by a written instrument signed by counsel for all Parties or their
8  successors-in-interest.

9

10     30.   Entire Agreement.  This Agreement and any attached Exhibits
11  constitute the entire agreement among these Parties, and no oral or written
12  representations, warranties or inducements have been made to any Party concerning
13  this Agreement or its Exhibits other than the representations, warranties and
14  covenants contained and memorialized in such documents.  Except as expressly set
15  forth herein, Silva shall not be required as part of the Settlement to modify or
16  eliminate any of its personnel, compensation or payroll practices, or adopt any new
17  personnel, compensation or payroll practices.

18

19     31.   Authorization to Enter Into Settlement Agreement.  Counsel for
20  all Parties warrant and represent they are expressly authorized by the Parties whom
21  they represent to negotiate this Agreement and to take all appropriate action required
22  or permitted to be taken by such Parties pursuant to this Agreement to effectuate its
23  terms, and to execute any other documents required to effectuate the terms of this
24  Agreement.  The Parties and their counsel will cooperate with each other and use
25  their best efforts to effect the implementation of the Settlement.  In the event the
26  Parties are unable to reach agreement on the form or content of any document
27  needed to implement the Settlement, or on any supplemental provisions that may
28  become necessary to effectuate the terms of this Settlement, the Parties may seek the

W02-LA:LDB\70762801.4                     -32-

1 | assistance of the District Court to resolve such disagreement. The persons signing
2 | this Agreement on behalf of Silva represent and warrant that they are authorized to
3 | sign this Agreement on behalf of Silva.

4 |

5 |    32. Binding on Successors and Assigns. This Agreement shall be
6 | binding upon, and inure to the benefit of, the successors or assigns of the Parties
7 | hereto, as previously defined.

8 |

9 |    33. Counterparts. This Agreement may be executed in one or more
10 | counterparts. All executed counterparts and each of them shall be deemed to be one
11 | and the same instrument provided that counsel for the Parties to this Agreement
12 | shall exchange among themselves original signed counterparts.

13 |

14 |    34. This Settlement is Fair, Adequate and Reasonable. The Parties
15 | believe this Settlement is a fair, adequate and reasonable settlement of the Class
16 | Actions and have arrived at this Settlement in arms-length negotiations, taking into
17 | account all relevant factors, present and potential. This Settlement was reached after
18 | extensive negotiations.

19 |

20 |    35. Jurisdiction of the Court. The Court shall retain jurisdiction with
21 | respect to the interpretation, implementation and enforcement of the terms of this
22 | Agreement and all orders and judgments entered in connection therewith, and the
23 | parties and their counsel hereto submit to the jurisdiction of the Court for purposes
24 | of interpreting, implementing and enforcing the settlement embodied in this
25 | Agreement and all orders and judgments entered in connection therewith.

26 |

27 |

28 |

W02-LA:LDB\70762801.4   -33-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1        36.    <u>Cooperation and Drafting</u>.  Each of the parties has cooperated in
2    the drafting and preparation of this Agreement.  Hence, in any construction made to
3    this Agreement, the same shall not be construed against any of the parties.

4

5        37.    <u>Invalidity of Any Provision</u>.  Before declaring any provision of
6    this Agreement invalid, the Court shall first attempt to construe the provisions valid
7    to the fullest extent possible consistent with applicable precedents so as to define all
8    provisions of this Agreement valid and enforceable.

9

10       38.    <u>Named Plaintiff's Waiver of Right to be Excluded and Object</u>.
11   The Named Plaintiff agrees to sign this Agreement and by signing this Agreement is
12   bound by the terms herein stated and further agrees not to request to be excluded
13   from the Settlement Class and agrees not to object to any of the terms of this
14   Agreement.  Non-compliance by the Named Plaintiff with this paragraph shall be
15   void and of no force or effect.  Any such request for exclusion or objection shall
16   therefore be void and of no force or effect.  Named Plaintiff also agrees to not
17   disparage the settlement to Plaintiffs or encourage, in any way, Plaintiffs to not
18   submit a Claim Form or to submit a request to be excluded from the Settlement.

19

20

21   DATED:  November  22, 2005          /s/ Ovidio Orellana (original signature
                                         retained by attorney)
22                                            OVIDIO ORELLANA
                                             NAMED PLAINTIFF
23

24

25   DATED:  November 22, 2005           /s/ David Silva (original signature retained
                                         by attorney)
26                                            SILVA TRUCKING, INC.
                                             By:  DAVID SILVA
27

28
     W02-LA:LDB\70762801.4                   -34-
                                                STIPULATION AND SETTLEMENT
                                                AGREEMENT OF CLASS ACTION CLAIMS

1  DATED: November 22, 2005

2                          LAW OFFICE OF JERRY BUDIN

3

4

5                    By    _____
                                  /s/ Jerry N. Budin
6                                 JERRY N. BUDIN
                                  Attorney for Plaintiffs
7

8  DATED: November 22, 2005

9                          SHEPPARD MULLIN RICHTER & HAMPTON LLP

10

11

12                   By    _____
                                  /s/ David B. Chidlaw
                                  DAVID B. CHIDLAW
13                                Attorneys for Defendant
                                  SILVA TRUCKING, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   W02-LA:LDB\70762801.4                    -35-
                                                  STIPULATION AND SETTLEMENT
                                                  AGREEMENT OF CLASS ACTION CLAIMS

Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

OVIDIO ORELLANA,
individually and on behalf of
all others similarly-situated,

CASE NO. CV F 04-5979 AWI LJO

Plaintiffs,

vs.

SILVA TRUCKING, INC.,

Defendant.

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

TO:     All truck drivers who were employed by Silva Trucking, Inc., in California at any time from March 15, 2000 through October 1, 2004 and who hauled sulfur solely within California.

THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

YOU ARE HEREBY NOTIFIED THAT A HEARING HAS BEEN SCHEDULED FOR APRIL 11, 2006 BEFORE THE HONORABLE LAWRENCE J. O'NEILL, MAGISTRATE JUDGE FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO CONSIDER A PROPOSED SETTLEMENT OF THE CLAIMS THAT HAVE BEEN BROUGHT ON YOUR BEHALF.

## I. INTRODUCTION

On March 15, 2000, Ovidio Orellana, individually and on behalf of other truck drives, filed a lawsuit against Silva Trucking, Inc., alleging that he worked for Silva Trucking, Inc. as a truck driver and was entitled to overtime compensation for hours worked in excess of forty (40) per week, but that Silva Trucking, Inc. failed to pay him at overtime rates for those overtime hours worked. Silva Trucking, Inc. denies these allegations.

A tentative settlement of these cases has been reached. The settlement will apply to all persons who meet the following definition ("Settlement Class"):

All persons who are now employed or have been employed by defendant SILVA TRUCKING in the State of California, who, on or after March 15, 2000 to October 1, 2004, have worked as a truck driver hauling sulfur and have worked in excess of forty (40) hours per week without being paid overtime compensation by Silva for those excess hours.

### The Reason You Have Received This Notice

You are believed to be a member of the Settlement Class. If so, your rights will be affected because the parties have tentatively settled the lawsuits. Pursuant to that tentative settlement, the Court is considering the entry and final approval of the settlement of the case. By preliminary approval of the proposed settlement on December 1, 2005, the Court has preliminarily determined that the lawsuit could be settled.

You are hereby notified that:

1.     A settlement of the claims of the Settlement Class has been proposed by Plaintiff Ovidio Orellana and his attorney and Defendant Silva Trucking, Inc., and its attorneys;

2.    The proposed Settlement has been submitted to the Court, and has received preliminary approval;

3.    If this settlement is finally approved by the court, you will obtain only the relief provided in the settlement, and you will have no further claim against Silva Trucking, Inc., for any claim occurring during the period from March 15, 2000 through October 1, 2004 that was raised or could have been raised in the Plaintiff's complaint.

4.    You and any other persons in the Settlement Class have the right to object to the proposed settlement or exclude yourself by following the procedures in Parts IV-V of this notice.

5.    A hearing to finally approve the settlement is scheduled for April 11, 2006 in Courtroom No. 6, at the United States Courthouse, 1130 O Street, Fresno, California 93721.

At the hearing, any member of the Class may appear and object to the proposed settlement. However, no such person shall be heard at the hearing, and no papers or written briefs shall be considered, unless the procedures set forth in Part IV of this Notice have been followed. You should read that part carefully. Class members who do not make objections in the manner provided in Part IV of this Notice shall be deemed to have waived such objections.

This notice is not to be understood as an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party in these lawsuits. This notice is sent for the sole purpose of informing you of the pendency of these lawsuits and the terms of the proposed settlement so that you may make appropriate decisions. In the event of any conflicts between this notice and the Settlement Agreement, the terms of the Settlement Agreement shall govern.

## II.    NATURE OF THE LAWSUIT

In this case, the Plaintiff has sued Silva Trucking, Inc., for nonpayment of overtime for hours worked in excess of forty in a week. Silva Trucking has denied and continues to deny all of the allegations made by the Plaintiff.

The Plaintiff and Silva Trucking, Inc., ("the Parties") have tentatively settled these lawsuits. The Settlement has received preliminary approval of the Court, subject to notice being provided to the members of the Class and final approval by the Court after a public hearing. This proposed settlement is described in the next section.

If you are a member of the class established by the court, you will receive such benefits, if any, as you may qualify for under the proposed Settlement and you will be forever barred from asserting any rights with respect to matters which are the subject of this case. If the proposed settlement is not approved, then the offer of settlement will be deemed withdrawn, and the case will proceed in Court as if no settlement had ever been made.

## III    SUMMARY OF THE RELIEF GRANTED BY THE PROPOSED SETTLEMENT AGREEMENT

For purposes of settlement, and without admitting any liability, Silva Trucking has agreed to provide certain relief to persons in the Class. The following is only a summary of the relief contained in the proposed Settlement. In the event there are any conflicts between this Notice and the Settlement Agreement, the terms of the Settlement shall govern. For a copy of the proposed Settlement, you may contact Class Counsel, whose name, address, and telephone number are listed below in Part VI. The relief granted by the proposed Settlement Agreement is summarized as follows:

1.    Silva Trucking, Inc., will pay the sum ("Sum") of one hundred forty thousand dollars ($140,000.00) less attorney fees and costs awarded to Class Counsel and enhancements awarded to the Plaintiff Ovidio Orellana .

2.    In order to receive payment under this section, each class member must file a timely Claim Form, which is enclosed with this Notice.

3.    Silva Trucking, Inc., will pay reasonable attorneys' fees in a maximum amount not to exceed $42,000.00 and actual costs. All payments for attorneys' fees and costs will be paid from the Sum, which will reduce any payments made to you as a class member. Class Counsel will apply to the court for approval of his attorneys' fees at the hearing scheduled for April 11, 2006.

4.      The Court will also be asked to award an enhancement payment to Ovidio Orellana in the amount of $10,000.00.

Based upon the equitable formula that has been devised, there will be substantial difference among Plaintiff Class members as to the amount each individual participating Plaintiff will receive in settlement. Monies paid pursuant to the Settlement are taxable. Silva Trucking, Inc., will make all lawful payroll deductions from any payments paid to Class members from the Sum as set forth in the Settlement Agreement.

## IV.    HEARING AND PROCEDURE FOR OBJECTING TO THE SETTLEMENT AGREEMENT

If you are satisfied with the proposed Settlement Agreement, you do not need to appear at the hearing at which the Court will consider final approval of the Settlement Agreement. If you object to the proposed Settlement Agreement, you must take the following steps (your failure to do so will be deemed a waiver of your objections):

A.      So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to the Court at United States District Court for the Eastern District of California, Courtroom No. 6, United States Courthouse, 1130 O Street, Fresno, California, 93721, to Class Counsel, Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, CA 95354, and to Geoffrey DeBoskey, Esq., Sheppard, Mullin, Richter & Hampton, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071 (Defendant's Counsel): (i) a written statement advising if you plan to address the Court at the hearing; (ii) a written statement of your objections; and (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda. You may appear personally, or through your own counsel, paid for at your own expense.

B.      If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for April 11, 2006 before the Honorable Lawrence J. O'NEILL, Magistrate Judge, United States District Court for the Eastern District of California, Courtroom No. 6, United States Courthouse, 1130 O Street, Fresno, California 93721.

## V.    PROCEDURE FOR EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT AGREEMENT

Even if you do not object to the proposed Settlement Agreement, you may still exclude yourself from the proposed Settlement by taking the following steps.

A.      So that it is postmarked by (Date to be inserted: 30 days from mailing), you must mail a request by first class postage to Gilardi & Co., 1115 Magnolia Avenue, Larkspur, CA 94939 if you wish to be excluded from the Settlement Agreement. The written request must contain your name, address, telephone number, Social Security number and the location and years of your employment by Silva Trucking, Inc.

B.      If you do not submit a Request for Exclusion, you will be bound by the Settlement Agreement, if it is approved by the Court.

C.      Furthermore, if you do nothing, that is if you do not submit a Claim Form and do not submit a written exclusion, you will be bound by the Settlement Agreement, but will receive no monetary compensation.

## VI.    CLASS COUNSEL

If you have any questions concerning the proposed Settlement Agreement, or this Notice, you may contact Class Counsel Jerry Budin, Esq., Law Office of Jerry Budin, 1500 "J" Street, Modesto, California 95354, telephone (209) 544-3030.

PLEASE DO NOT TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.

Exhibit C

# United States District Court, Eastern District of California, Fresno Division

**Ovidio Orellana v. Silva Trucking, Inc.**

**Case No. CV F 04-4979 AWI LJO**

## CLAIM FORM/FLSA CONSENT FORM

COMPLETE, SIGN AND MAIL TO:

Gilardi & Co.
1115 Magnolia Avenue
Larkspur, CA 94939

Must be Postmarked No Later Than: (60 days from mailing)

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM
TO SHARE IN THE MONETARY RECOVERY FROM SILVA TRUCKING, INC.**

(1) Please type or print the following identifying information:

Name:_____

Address:_____

City, State, Zip: _____ Social Security Number:_____

Telephone Number (Work):_____ Telephone Number (Home): _____

(2) My best estimate of the time that I was employed by Silva Trucking, Inc. as a truck driver who hauled sulfur between March 15, 2000 to October 1, 2004, is as follows:

Beginning Date          End Date

_____          _____

(3) By signing below, I understand that I am agreeing to a full and complete release of Silva Trucking, Inc., including its officers, directors and owners, for any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, lawsuits or causes of action whatever kind or nature, whether known or unknown, liquidated or unliquidated, that I might have, arising out of or in any way related to these actions, including but not limited to any and all claims for unpaid wages, worked overtime, waiting time penalties, and unlawful uniform deductions under both federal and state law.

I further understand that I am waiving all rights and benefits afforded to me under Section 1542 of the California Civil Code, which provides:

"A general release does not extend to claims which the creditor [employee] does not know or Suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor [employer]."

X _____     _____

*(Sign your name here)*                              Date

# CLAIM FORM INSTRUCTIONS

## COMPLETE THE ENCLOSED CLAIM FORM  IN ORDER TO BE ELIGIBLE FOR MONETARY RECOVERY

**YOU MUST COMPLETE, SIGN AND MAIL THIS CLAIM FORM BY FIRST CLASS U.S. MAIL OR EQUIVALENT, POSTAGE PAID, POSTMARKED ON OR BEFORE (60 days from mailing), ADDRESSED AS FOLLOWS, IN ORDER TO BE ELIGIBLE TO RECEIVE A RECOVERY.**

### MAIL TO:

**Gilardi & Co.
1115 Magnolia Avenue
Larkspur, CA 94939**