JERRY N. BUDIN, Cal. Bar No. 88539
LAW OFFICE OF JERRY BUDIN
1500 J Street, Second Floor
Modesto, California 95354
Telephone: (209) 544-3030
Facsimile: (209) 544-3144

Attorney for Plaintiffs,
OVIDIO ORELLANA, et al.

**FILED**

AUG 2 8 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
DAVID B. CHIDLAW, Cal. Bar No. 144681
GEOFFREY D. DEBOSKEY, Cal. Bar No. 211557
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780·
Facsimile:    213-620-1398
dchidlaw@sheppardmullin.com
gdeboskey@sheppardmullin.com

Attorneys for Defendant
SILVA TRUCKING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| OVIDIO ORELLANA, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>SILVA TRUCKING, INC., and DOES 1 through 100,<br><br>            Defendants. | CASE NO. CV-F-04-5979 AWI LJO<br><br><br>**FINDINGS AND RECOMMENDATIONS ON FINAL APPROVAL OF STIPULATION AND SETTLEMENT AGREEMENT;   EXHIBIT A** |

-i-

1

2

3

4        Pursuant to the "Order Adopting Findings and Recommendations of Preliminary

5    Approval of Stipulation and Settlement Agreement" (Doc. 33) filed January 26, 2006 adopting in

6    full the "Findings and Recommendations on Preliminary Approval of Stipulation and Settlement

7    Agreement" (Doc 30), and the subsequent Minute Order (Doc. 38) continuing the hearing, a Final

8    Approval Hearing was held as scheduled at 2:00 p.m. on Wednesday, August 23, 2006 in

9    Department 8 of this Court. Plaintiff, individually and on behalf of all others similarly situated

10   (collectively "plaintiffs"), appeared at the hearing by telephone through counsel for class

11   representative, Ovidio Orellana, Jerry Budin. Defendant Silva Trucking, Inc. appeared at the

12   hearing by telephone by counsel Geoffrey DeBoskey of Sheppard, Mullin, Richter & Hampton.

13   The case was called at the hearing and the Court inquired whether anyone else in the courtroom

14   was present to participate in the hearing. There was no response to this inquiry. The Court then

15   inquired of counsel whether they expected anyone to appear at the hearing. Both counsel

16   responded in the negative.

17

18       Having considered the "Joint Notice of Motion and Motion for Final Approval of

19   Settlement and Accompanying Documents; Memorandum of Points and Authorities" (Doc. 39),

20   and Plaintiff's Memorandum of Points And Authorities and Class Counsel's Declaration In

21   Support Of Final Approval Of Settlement And Award Of Enhancement And Attorney's Fees and

22   Costs," (Docs. 39), and the papers previously filed herein, the Court issues the following Findings:

23       1.      No class member or interested individual appeared personally at the time

24   and place for the Final Approval Hearing (August 4, 2006, 10:00 a.m., Courtroom 8) which was

25   contained in the Notice Of Proposed Class Action Settlement And Fairness Hearing.

26       2.      The Court finds that notice to the class was satisfied and timely mailed as

27   previously ordered by the Court.

28

-ii-

1

2

3.     The Court finds that the consideration for the proposed settlement is fair,

3

adequate, and reasonable.

4

4.     The Court finds that there were no objections to the proposed settlement.

5

5.     The Court finds that the settlement was not collusive, and that the parties

6

have engaged in sufficient discovery to understand the strengths and weaknesses of their own and

7

their opponent's cases.

8

6.     The Court finds that the lawyers representing all parties were competent

9

and experienced counsel, and that no party has been subjected to any undue influence in reaching

10

the settlement.

11

7.     The Court finds that the attorney's fees and costs requested by Class

12

Counsel, Jerry Budin, in the total sum of $42,500.00 are fair and reasonable, subject to the "Notice

13

Of Lien" filed herein by Green & Azevedo.

14

8.     The Court finds that the formula for disbursement of the settlement

15

proceeds to the Class and the procedure for administration of that disbursement as set forth in the

16

Settlement Agreement are fair, adequate and reasonable and the awards contained in Ex. A hereto

17

are approved.

18

9.     The Court finds that a payment of $10,000.00 to Class Representative

19

Ovidio Orellano for his efforts and services on the behalf of the Class in this litigation is fair and

20

reasonable.

21

22

23

24

25

26

27

28

-iii-

1

2                                          **CONCLUSION**

3          For the reasons stated above, this Court RECOMMENDS that the District Court

4   DETERMINE that the proposed settlement is fair and reasonable, and GRANT final approval of

5   the proposed settlement and related documents consistent with these recommendations.    These

6   findings and recommendations are submitted to the United States District Judge assigned to the

7   case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty days after being

8   served with these findings and recommendations, any party may file written objections with the

9   court and serve a copy on all parties.  Such a document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

11  objections within the specified time may waive the right to appeal the District Court's order.

12  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).    IT IS SO ORDERED

13  DATED:  August 28, 2006

14

15

16                                    LAWRENCE J. O'NEILLUnited States Magistrate
                                                      Judge
17

18

19

20

21

22

23

24

25

26

27

28

                                             -iv-

Case 1:04-cv-05979-AWI-SMS Document 30 Filed 02/22/05 Page 7 of 49

Exhibit A

1 | Jerry Budin, Esq.
2 | State Bar #88539
LAW OFFICE OF JERRY BUDIN
3 | 1500 J Street, Second Floor
4 | Modesto, California 95354
Telephone: (209) 544-3030
5 | Facsimile: (209) 544-3144

6 |
Attorney for Plaintiff(s),
7 | OVIDIO ORELLANA, et al.

8 |
David Chidlaw, Esq.
9 | Geoffrey DeBoskey, Esq.
SHEPPARD, MULLIN, RICHTER & HAMPTON
10 | 333 South Hope Street, 48th Floor
11 | Los Angeles, California 90071-1448
Telephone: (213) 620-1780
12 | Facsimile: (213) 620-1398

13 |
14 | Attorneys for Defendant,
SILVA TRUCKING
15 |
16 | UNITED STATES DISTRICT COURT

17 | EASTERN DISTRICT OF CALIFORNIA

18 | (Fresno Division)

19 |

| | |
|---|---|
| 20 OVIDIO ORELLANA, et al. | CASE NO. CV F 04-5979 AWI LJO |
| 21 Plaintiff, | **STIPULATION AND SETTLEMENT AGREEMENT OF CLASS ACTION CLAIMS; EXHIBITS 1-3** |
| 22 v. | |
| 23 | |
| 24 SILVA TRUCKING, INC. and DOES 1 through 100, | |
| 25 | |
| 26 Defendants. | |

27 |
28 |

W02-LA:LDB\70762801.4    -1-

1    This Stipulation and Settlement Agreement of Class Action Claims

2 ("Settlement," "Stipulation," or "Agreement") is made by Ovidio Orellana (the

3 "Named Plaintiff") on behalf of himself and each of the other "Plaintiffs" as defined

4 herein, on the one hand, and the defendant, Silva Trucking, Inc. ("Silva"), on the

5 other hand, in the action pending in the United States District Court for the Eastern

6 District of California ("District Court"), Case No. F 04-5979 AWI LJO ("Class

7 Action" or "Action"), and is subject to the approval of the District Court.

8

9    The "Class Members" (also referred to as the "Class") consist of all

10 Plaintiffs who do not properly elect to exclude themselves from the terms of this

11 Agreement. The "Settlement Class Members" consist of all Class Members who

12 submit a Claim Form/FLSA Consent Form that is approved for payment under the

13 terms of this Stipulation.

14

15 I.  PROCEDURAL HISTORY

16

17    On March 15, 2004, a Complaint was filed by Ovidio Orellana seeking

18 overtime wages. Defendant answered the Complaint on May 12, 2004. By order of

19 Judge Anthony W. Ishii, this matter was transferred from Sacramento to Fresno and

20 assigned to Judge Ishii (Doc. 8).

21

22 II.  DEFINITION OF "PLAINTIFFS" AND CLASS MEMBERS

23

24    For purposes of this settlement, the parties propose the following

25 definition of the Class:

26

27    "All persons who are now employed or have been employed by

28 defendant Silva in the State of California who, on or after March 15, 2000 to

W02-LA:LDB\70762801.4    -2-

1 October 1, 2004, have worked as a truck driver hauling sulfur and have worked in
2 excess of forty (40) hours per week without being paid overtime compensation by
3 Silva for those excess hours."

4

5            For the purpose of this settlement, the "Class Period" shall be defined
6 as March 15, 20000 to October 1, 2004.

7

8 **III.**    **INVESTIGATION IN THE CLASS ACTION**

9

10            The Parties have conducted significant investigation of the facts and
11 law during the prosecution of this Action. Such investigations have included, *inter*
12 *alia*, the exchange of information pursuant to discovery and numerous discussions
13 between representatives of the Parties. Counsel for the Parties have further
14 investigated the applicable law as applied to the facts discovered regarding the
15 alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed
16 by Plaintiffs. In pertinent part, the investigation has yielded the following: The gist
17 of the Action is that Silva has failed to pay the Plaintiffs overtime as allegedly
18 required by law. Plaintiffs are demanding various amounts for wages, penalties,
19 interest, attorneys' fees, and other damages. Silva contends the Plaintiffs are exempt
20 from federal and California state overtime requirements by virtue of one or more
21 exemptions and/or exclusions recognized under federal and California law.

22

23 **IV.**    **BENEFITS OF SETTLEMENT TO CLASS MEMBERS**

24

25            Named Plaintiff recognizes the expense and length of continued
26 proceedings necessary to continue the litigation against Silva through trial and
27 through any possible appeals. Named Plaintiff has also taken into account the
28 uncertainty and risk of the outcome of further litigation, and the difficulties and

W02-LA:LDB\70762801.4           -3-

1  delays inherent in such litigation. Named Plaintiff is also aware of the burdens of

2  proof necessary to establish liability for the claims asserted in the Action (the

3  "Claims" or "Class Action Claims"), Silva's defenses thereto, and the difficulties in

4  establishing damages for the Plaintiffs. Named Plaintiff has also taken into account

5  the extensive settlement negotiations conducted, which negotiations ended in an

6  agreement that forms the basis for this Stipulation.   Based on the foregoing, Named

7  Plaintiff has determined that the Settlement set forth in this Agreement is a fair,

8  adequate and reasonable settlement, and is in the best interests of the Plaintiffs.

9

10  V.    SILVA'S REASONS FOR SETTLEMENT

11

12        Silva has concluded that any further defense of this litigation would be

13  protracted and expensive for all Parties. Substantial amounts of time, energy and

14  resources of Silva have been and, unless this Settlement is made, will continue to be

15  devoted to the defense of the claims asserted by Plaintiffs. Silva has, therefore,

16  agreed to settle in the manner and upon the terms set forth in this Agreement to put

17  to rest the Claims as set forth in the Class Actions.

18

19  VI.   SILVA'S DENIALS OF WRONGDOING

20

21        Silva has denied and continues to deny each of the claims and

22  contentions alleged by Plaintiffs in the Actions. Silva has repeatedly asserted and

23  continues to assert defenses thereto, and has expressly denied and continues to deny

24  any wrongdoing or legal liability arising out of any of the facts or conduct alleged in

25  the Actions. Silva also has denied and continues to deny, *inter alia*, the allegations

26  that the Plaintiffs have suffered damage; that Silva misclassified any of the Plaintiffs

27  as exempt from overtime; that Silva failed to pay any of the Plaintiffs for all

28  overtime to which they were entitled; that Silva engaged in any unlawful, unfair or

1  fraudulent business practices; that Silva engaged in any wrongful conduct as alleged

2  in the Actions; or that the Plaintiffs were harmed by the conduct alleged in the

3  Action. Neither this Agreement nor any document referred to or contemplated

4  herein, nor any action taken to carry out this Agreement, is, may be construed as, or

5  may be used as an admission, concession or indication by or against Silva of any

6  fault, wrongdoing or liability whatsoever.

7

8  VII.   PLAINTIFFS' CLAIMS

9

10       Plaintiffs have claimed and continue to claim that the Released Claims

11  (as defined below) have merit and give rise to liability on the part of Silva. Neither

12  this Agreement nor any documents referred to herein, or any action taken to carry

13  out this Agreement is, or may be construed as or may be used as an admission by or

14  against the Plaintiffs or Class Counsel as to the merits or lack thereof of the claims

15  asserted, except as to the Released Claims of the Class Members.

16

17       NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among

18  the Named Plaintiff on behalf of the Plaintiffs on the one hand, and Silva on the

19  other hand, and subject to the approval of the District Court, that the Class Actions

20  are hereby being compromised and settled pursuant to the terms and conditions set

21  forth in this Agreement and that upon the Effective Date (as defined below) the

22  Class Actions shall be dismissed with prejudice, subject to the recitals set forth

23  hereinabove which by this reference become an integral part of this Agreement and

24  subject to the following terms and conditions:

25

26       1.   "Effective Date". As used in this Settlement, "Effective Date"

27  means the date by which this Settlement is finally approved as provided herein and

28  the District Court's Final Judgment ("Final Judgment" or "Judgment") becomes

W02-LA:LDB\70762801.4                    -5-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1 final. For purposes of this paragraph, the District Court's Final Judgment "becomes
2 final" upon the latter of: (i) the date of final affirmance on an appeal of the Final
3 Judgment; (ii) the expiration of the time for a petition for a writ of certiorari to
4 review the Final Judgment and, if certiorari be granted, the date of final affirmance
5 of the Final Judgment following review pursuant to that grant; (iii) the date of final
6 dismissal of any appeal from the Final Judgment or the final dismissal of any
7 proceeding on certiorari to review the Final Judgment; or (iv) if no appeal is filed,
8 the expiration date of the time for the filing or noticing of any appeal from the
9 District Court's Final Judgment.

10

11       2.    Full Investigation. Named Plaintiff has fully investigated the
12 factual and legal bases for the causes of action asserted in the Class Actions. Silva
13 has denied that it misclassified the Plaintiffs as exempt from overtime laws or failed
14 to pay Plaintiffs for all overtime due. As a result of their investigation, Named
15 Plaintiff continues to believe that Silva misclassified at least some of the Plaintiffs
16 and unlawfully failed to pay them overtime between March 15, 2000 to October 1,
17 2004. Given the disagreement between the Parties as to the viability of the claims
18 raised by the Named Plaintiff in the Class Actions, the Parties believe the Settlement
19 provided for herein is a fair, adequate, and reasonable settlement.

20

21       3.    Release As To All Class Members. As of the Effective Date, the
22 Class Members, including the Named Plaintiff, release Silva and each of their past
23 or present officers, directors, shareholders, employees, agents, principals, heirs,
24 representatives, accountants, auditors, consultants, insurers and reinsurers, and its
25 and their respective successors and predecessors in interest, subsidiaries, affiliates,
26 parents and attorneys and each of their company-sponsored employee benefit plans
27 and all of their respective officers, directors, employees, administrators, fiduciaries,
28

W02-LA:LDB\70762801.4           -6-

1 trustees and agents (the "Released Parties"), from the "Released Claims." For

2 purposes of this Agreement, the "Released Claims" are defined as:

3

4               a.    all claims, demands, rights, liabilities, and causes of action

5 of every nature and description whatsoever,

6

7               b.    known or unknown, asserted or that might have been

8 asserted,

9

10               c.    whether in tort, contract, or for violation of any state or

11 federal constitution, statute, rule or regulation, including state wage and hour laws,

12

13               d.    whether for economic damages, non-economic damages,

14 restitution, penalties or liquidated damages,

15

16               e.    arising out of, relating to, or in connection with:

17

18         Any and all facts, transactions, events,

19         policies, occurrences, acts, disclosures,
        statements, omissions or failures to act, which

20         are or could be the basis of claims that Silva

21         did not comply with all state wage and hour
        laws, including claims: (a) that Silva did not

22         pay the Plaintiffs all amounts due for work

23         that was performed by the Plaintiffs for Silva;
        (b); and/or that Silva owes wages, penalties,

24         interest, attorneys' fees or other damages of

25         any kind based on a failure to comply with
        any state wage and hour laws, at any times on

26         or before the last day of the Class Period

27         (whether based on California state wage and
        hour law, contract, or otherwise); and/or

28

W02-LA:LDB\70762801.4               -7-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1
2
3
4
5
6

the causes of action asserted in the Class Actions, including any and all claims for alleged failure to pay overtime pursuant to state law, federal law, or contract, and, as related to the foregoing, for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code § 17200, et seq.

7   The Released Claims include any unknown claims that the Class
8   Members do not know or suspect to exist in their favor at the time of the release,
9   which, if known by them, might have affected their settlement with, and release of,
10  the Released Parties or might have affected their decision not to object to this
11  Settlement. With respect to the Released Claims, the Class Members stipulate and
12  agree that, upon the Effective Date, the Class Members shall be deemed to have, and
13  by operation of the Final Judgment shall have, expressly waived and relinquished, to
14  the fullest extent permitted by law, the provisions, rights and benefits of
15  Section 1542 of the California Civil Code, or any other similar provision under
16  federal or state law, which Section provides:
17

18
19
20
21

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

22

23  The Class Members may hereafter discover facts in addition to or
24  different from those they now know or believe to be true with respect to the subject
25  matter of the Released Claims, but upon the Effective Date, shall be deemed to
26  have, and by operation of the Final Judgment shall have, fully, finally, and forever
27  settled and released any and all of the Released Claims, whether known or
28  unknown, suspected or unsuspected, contingent or non-contingent, which now exist,

W02-LA:LDB\70762801.4                    -8-

1 | or heretofore have existed, upon any theory of law or equity now existing or coming
2 | into existence in the future, including, but not limited to, conduct that is negligent,
3 | intentional, with or without malice, or a breach of any duty, law or rule, without
4 | regard to the subsequent discovery or existence of such different or additional facts.
5 |
6 |       The Class Members agree not to sue or otherwise make a claim against
7 | any of the Released Parties that is in any way related to the Released Claims.
8 |
9 |     4.     Release As to All Settlement Class Members. As of the
10 | Effective Date, all Settlement Class Members, including the Named Plaintiff, in
11 | addition to releasing the Released Parties from the Released Claims as outlined in
12 | subsection 3, release the Released Parties from the "Released Federal Claims." For
13 | purposes of this Agreement, the "Released Federal Claims" are defined as:
14 |
15 |       a.     all claims, demands, rights, liabilities, and causes of action
16 | of every nature and description whatsoever,
17 |
18 |       b.     known or unknown, asserted or that might have been
19 | asserted,
20 |
21 |       c.     whether in tort, contract, or for violation of any state or
22 | federal constitution, statute, rule or regulation, including federal wage and hour
23 | laws,
24 |
25 |       d.     whether for economic damages, non-economic damages,
26 | restitution, penalties or liquidated damages,
27 |
28 |       e.     arising out of, relating to, or in connection with:

W02-LA:LDB\70762801.4     -9-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

any and all facts, transactions, events,
policies, occurrences, acts, disclosures,
statements, omissions or failures to act, which
are or could be the basis of claims that Silva
did not comply with all federal wage and hour
laws, including the Fair Labor Standards Act,
as well as claims: (a) that Silva did not pay
the Plaintiffs all amounts due for work that
was performed by the Plaintiffs for Silva;
and/or

the causes of action asserted in the Class
Actions, including any and all claims for
alleged failure to pay overtime.

The Released Federal Claims include any unknown claims that the
Settlement Class Members do not know or suspect to exist in their favor at the time
of the release, which, if known by them, might have affected their settlement with,
and release of, the Released Parties or might have affected their decision not to
object to this Settlement. With respect to the Released Federal Claims, the
Settlement Class Members stipulate and agree that, upon the Effective Date, the
Settlement Class Members shall be deemed to have, and by operation of the Final
Judgment shall have, expressly waived and relinquished, to the fullest extent
permitted by law, the provisions, rights and benefits of Section 1542 of the
California Civil Code, or any other similar provision under federal or state law,
which Section provides:

A general release does not extend to claims
which the creditor does not know or suspect
to exist in his favor at the time of executing
the release, which if known by him must have
materially affected his settlement with the
debtor.

W02-LA:LDB\70762801.4                    -10-

1          The Settlement Class Members may hereafter discover facts in addition
2  to or different from those they now know or believe to be true with respect to the
3  subject matter of the Released Federal Claims, but upon the Effective Date, shall be
4  deemed to have, and by operation of the Final Judgment shall have, fully, finally,
5  and forever settled and released any and all of the Released Federal Claims, whether
6  known or unknown, suspected or unsuspected, contingent or non-contingent, which
7  now exist, or heretofore have existed, upon any theory of law or equity now existing
8  or coming into existence in the future, including, but not limited to, conduct that is
9  negligent, intentional, with or without malice, or a breach of any duty, law or rule,
10  without regard to the subsequent discovery or existence of such different or
11  additional facts.

12

13          The Settlement Class Members agree not to sue or otherwise make a
14  claim against any of the Released Parties that is in any way related to the Released
15  Federal Claims.

16

17          5.    General Release By Named Plaintiffs Only.  In addition to the
18  releases made in Paragraphs 3 and 4 hereof, the Named Plaintiff, as of the Effective
19  Date, makes the additional following general release of all claims, known or
20  unknown.

21

22              a.    The Named Plaintiff releases the Released Parties from all
23  claims, demands, rights, liabilities and causes of action of every nature and
24  description whatsoever, known or unknown, asserted or that might have been
25  asserted, whether in tort, contract, or for violation of any state or federal statute, rule
26  or regulation arising out of, relating to, or in connection with any act or omission by
27  or on the part of any of the Released Parties committed or omitted prior to the
28

W02-LA:LDB\70762801.4                              -11-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  execution hereof. (The release set forth in this Paragraph 5 shall be referred to
2  hereinafter as the "General Release").

3

4          b.     The General Release includes any unknown claims the
5  Named Plaintiff does not know or suspect to exist in his favor at the time of the
6  General Release, which, if known by him, might have affected his settlement with,
7  and release of, the Released Parties by the Named Plaintiff or might have affected
8  his decision not to object to this Settlement or the General Release.

9

10          c.     With respect to the General Release, the Named Plaintiff
11  stipulates and agrees that, upon the Effective Date, the Named Plaintiff shall be
12  deemed to have, and by operation of the Final Judgment shall have, expressly
13  waived and relinquished, to the fullest extent permitted by law, the provisions, rights
14  and benefits of Section 1542 of the California Civil Code, or any other similar
15  provision under federal or state law, which provides:

16

17      A general release does not extend to claims which the creditor does not
    know or suspect to exist in his favor at the time of executing the
18      release, which if known by him must have materially affected his
    settlement with the debtor.
19

20          d.     The Named Plaintiff may hereafter discover facts in
21  addition to or different from those he now knows or believes to be true with respect
22  to the subject matter of the General Release, but the Named Plaintiff upon the
23  Effective Date, shall be deemed to have, and by operation of the Final Judgment
24  shall have, fully, finally, and forever settled and released any and all of the claims
25  released pursuant to the General Release whether known or unknown, suspected or
26  unsuspected, contingent or non-contingent, which now exist, or heretofore have
27  existed upon any theory of law or equity now existing or coming into existence in
28  the future, including, but not limited to, conduct that is negligent, intentional, with

W02-LA:LDB\70762801.4           **-12-**

1 or without malice, or a breach of any duty, law or rule, without regard to the
2 subsequent discovery or existence of such different or additional facts.

3

4       6.    Settlement Fund. The term "Settlement Fund" shall refer to the
5 funds that Silva will distribute to Settlement Class Members and Plaintiffs' counsel
6 in accordance with Paragraph 8 below. The Settlement Fund shall total $140,000.00
7 (One Hundred Forty Thousand Dollars and No Cents). It does not include the
8 employer's share of applicable payroll taxes or costs of administration.

9

10       7.    Allocation of Settlement Fund. The Settlement Fund shall be
11 allocated among these elements: (a) the total payments to the Settlement Class
12 Members of the Gross Settlement Amounts less deductions as explained in
13 paragraph 8 below (the potential total Gross Settlement Amounts shall collectively
14 be referred to as the "Payout Fund"); (b) the Fees Award (as hereinafter defined) to
15 Class Counsel; (c) the Costs Award (as hereinafter defined); and (d) The Incentive
16 Awards to the Named Plaintiff (as hereinafter defined). There shall be no reversion
17 of any portion of the Settlement Fund to Defendant Silva.

18

19       8.    Plan of Allocation for Payment to Settlement Class Members.
20 Within fifteen (15) days after the Effective Date, and solely for purposes of this
21 Settlement, Silva shall pay the Settlement Awards (as hereinafter defined) to the
22 Settlement Class Members in accordance with the following eligibility and
23 settlement formula requirements:

24

25       a.    Excluded from becoming Settlement Class Members are
26 those Plaintiffs who submit valid and timely requests for exclusion pursuant to the
27 terms and procedures of the Notice of Pendency and Settlement of Class Action;

28

W02-LA:LDB\70762801.4       -13-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  Settlement Hearing; and Claim, Consent, and Exclusion Procedures (attached as
2  Exhibit 1 hereto).

3

4          b.      All Class Members will be eligible to submit a claim for a
5  "Settlement Award" (as defined below). If a Class Member submits a timely and
6  properly completed Claim Form/FLSA Consent Form ("Claim Form") (attached as
7  Exhibit 2 hereto) then the Class Member will be a "Settlement Class Member."
8  Silva will pay Settlement Awards to all Settlement Class Members. The Gross
9  Settlement Amounts payable to the Settlement Class Members will be calculated by
10 determining the number of overtime hours worked by each Settlement Class
11 Member between March 15, 2000 and October 1, 2004. The total number of
12 overtime hours worked by the Settlement Class Members will be added together
13 ("Total Overtime Hours.") The number of overtime hours worked by each
14 Settlement Class Member will be divided by the Total Overtime Hours Worked,
15 resulting in a payout ratio for each Settlement Class Member ("Payout Ratio"). The
16 Gross Settlement Amount to each Settlement Class Member will be determined by
17 multiplying an individual's Payout Ratio by the Payout Fund ("Gross Settlement
18 Amount"). The records of Silva showing the number of overtime hours worked by
19 each Plaintiff will be dispositive.

20

21          c.      From each Settlement Class Member's Gross Settlement
22 Amount, payroll deductions will be made for state and federal withholding taxes and
23 any other applicable payroll deductions owed by the Settlement Class Member as a
24 result of the payment, resulting in a "Net Settlement Amount." The Net Settlement
25 Amount that will be paid to each Settlement Class Member is the Settlement Class
26 Member's "Settlement Award." Silva shall pay the employer's share of any
27 applicable payroll taxes.

28

W02-LA:LDB\70762801.4                    -14-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1               d.    CIRCULAR 230 DISCLAIMER. EACH PARTY TO
THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE

2  "ACKNOWLEDGING PARTY"; AND EACH PARTY TO THIS AGREEMENT
OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY")

3  ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS
AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE

4  BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND
OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH

5  COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED
OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF

6  UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART
10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED

7  EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND
TAX ADVISERS FOR ADVICE (INCLUDING TAX ADVICE) IN

8  CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO
THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY

9  OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER
PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY

10  COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER
TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE

11  IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY
OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION

12  THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S
OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH

13  LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE
ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX

14  STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION
CONTEMPLATED BY THIS AGREEMENT.

15

16          9.    Prospective Employment Practices. As noted above, Silva

17 believed and believes that all of its drivers were properly classified as exempt from

18 overtime pursuant to state and federal law. However, the Parties desire to eliminate

19 future disputes as to these issues and consequently the Parties have agreed as

20 follows:

21

22          a.    As of October 1, 2004, Silva has and will continue to

23 classify all sulfur drivers as not exempt for purposes of FLSA overtime wages.

24

25          b.    Except as set forth in the preceding paragraph in this

26 Section 9, Silva is not obligated by virtue of this Settlement Agreement to make any

27 particular changes from Exempt to non-Exempt status.

28

W02-LA:LDB\70762801.4          -15-

1          c.     To the extent Silva makes any changes from Exempt to
2   non-Exempt status, Silva may later change the employees to Exempt status based on
3   any relevant changes or clarifications to California state law, Federal law, or
4   administrative interpretation.

5

6          10.    Fees Award and Incentive Award.

7

8          a.     Jerry Budin of the Law Offices of Jerry Budin ("Plaintiffs'
9   Counsel" or "Class Counsel") shall seek an award of attorneys' fees ("Fees Award")
10  of $42,000.00 (Forty-Two Thousand Dollars and No Cents), constituting thirty
11  percent (30%) of the value of the Settlement Fund. Class Counsel shall also seek an
12  award for actual costs incurred in the pursuit of this action ("Costs Award").
13  Plaintiffs' Counsel shall not be permitted to petition the Court for, or accept, any
14  additional payments for fees, costs or interest and the Fees Award shall be for all
15  claims for attorneys' fees and costs past, present and future incurred in the Actions.
16  Silva will not oppose the request for fees and costs.

17

18         b.     The Fees Award and Costs Award shall be paid by Silva
19  from the Settlement Fund to the Plaintiffs' counsel within fifteen (15) calendar days
20  after the Effective Date.

21

22         c.     Silva's payment of the Fees Award and Costs Award to the
23  Plaintiffs' counsel shall constitute full satisfaction of the obligation to pay any
24  amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in
25  the Action incurred by any attorney on behalf of Named Plaintiffs and the Class
26  Members, and shall relieve Silva, the Claims Administrator, the Settlement Fund,
27  and Silva's Counsel of any other claims or liability to any other attorney or law firm
28
W02-LA:LDB\70762801.4                          -16-
                                          STIPULATION AND SETTLEMENT
                                          AGREEMENT OF CLASS ACTION CLAIMS

1  for any attorneys' fees, expenses and/or costs to which any of them may claim to be
2  entitled on behalf of Named Plaintiff and the Class Members.

3

4          d.      Class Counsel will apply for incentive awards to the
5  Named Plaintiff in an amount not to exceed $10,000 (Ten Thousand Dollars)
6  ("Incentive Award") to be paid by the Plaintiffs to the Named Plaintiff for his time
7  and effort spent pursuing the Action. The Incentive Award shall be paid out of and
8  deducted from the Settlement Fund, and for administrative purposes shall be paid in
9  the form of a check from Silva or the Claims Administrator. Silva and the Plaintiffs
10 agree not to oppose such an application, so long as it is consistent with the
11 provisions of this Agreement. Any Incentive Award shall be paid to Class Counsel
12 within fifteen (15) days of the Effective Date. The Named Plaintiff shall receive a
13 Settlement Award from Silva in addition to this Incentive Award from the Plaintiffs.
14 The Named Plaintiff's Incentive Award will not be treated as wages for withholding
15 purposes. The Named Plaintiff will receive 1099 forms related to the Incentive
16 Award. If at some future date it should be claimed or determined that any tax
17 withholding should have been made by Silva or tax payment made by Named
18 Plaintiff resulting from or relating to the settlement of this case, Named Plaintiff
19 agrees to be solely liable for and pay all taxes, penalties, and assessments. Named
20 Plaintiff also agree to indemnify and hold Silva harmless from any costs, penalties,
21 and assessments to which Silva may be subject to by reason of its payment in
22 settlement of this case.

23

24          e.      If Silva fails to pay any amounts due under this Agreement
25 within the times allowed, then Silva will be obligated to pay 6% per annum interest
26 on the past due amounts, running from the due date(s) for the past due amounts.

27

28          11.     Responsibilities of Silva. Silva shall:
W02-LA:LDB\70762801.4                    -17-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1             a.     Pay the Claims Administrator for costs and expenses of

2  administering this Settlement after the Claims Administrator has submitted bills to

3  Silva and those bills have been approved by Silva;

4

5             b.     Pay, or cause the Claims Administrator to pay, the

6  Incentive Award to the Named Plaintiff within 15 calendar days after the Effective

7  Date;

8

9             c.     Pay, or cause the Claims Administrator to pay, the Fees

10 Award within 15 calendar days after the Effective Date;

11

12            d.     Provide, after the execution of this Stipulation, the Claims

13 Administrator and Class Counsel with "Database Reports" showing each Plaintiff's

14 name, address, employee or social security number and payroll history between

15 March 15, 2000 and October 1, 2004;

16

17            e.     Pay, or cause the Claims Administrator to pay, the

18 Settlement Awards to the Settlement Class Members in accordance with the terms of

19 this Agreement;

20

21      12.     Operation of the Settlement Fund.

22

23            a.     At no time shall Silva have the obligation to segregate the

24 funds comprising the Settlement Fund from its other assets and will retain exclusive

25 authority over, and responsibility for, those funds.

26

27            b.     Either Silva or the Claims Administrator, as determined by

28 Silva, will calculate the net amounts to be paid to the Settlement Class Members

W02-LA:LDB\70762801.4             -18-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  from the Payout Fund in accordance with the terms and provisions of this
2  Agreement.

3

4            c.      Either Silva or the Claims Administrator, as determined by
5  Silva, shall have the authority and obligation to make payments, credits and
6  disbursements, including payments and credits in the manner set forth herein, to
7  Settlement Class Members from the Payout Fund calculated in accordance with the
8  methodology set out in this Agreement and orders of the Court.

9

10           d.      Either Silva or the Claims Administrator, as determined by
11 Silva, shall make all proper payments, disbursements and credits from the
12 Settlement Fund.

13

14           e.      The Parties do not believe there are any tax return filing
15 requirements pursuant to this Agreement. However, to the extent any tax returns
16 must be filed, either Silva or the Claims Administrator, as determined by Silva, shall
17 also cause to be timely and properly filed all informational and other tax returns, if
18 any, necessary with respect to the Settlement Fund. Such returns shall be consistent
19 with this paragraph. The parties do not believe that the operation of the Settlement
20 Fund will generate any taxable income, as no segregated Settlement Fund will be
21 created. However, if any taxable income is generated by the Settlement Fund, in all
22 events the tax returns filed shall reflect that all taxes payable on the taxable income
23 of the Settlement Fund, if any, shall be paid by Silva. Any expenses consisting of
24 the expenses and costs incurred in connection with the operation and
25 implementation of this paragraph (including, without limitation, reasonable
26 expenses of tax attorneys, accountants or other designees retained by Silva and/or
27 the Claims Administrator as required for the preparation and filing of tax returns
28

W02-LA:LDB\70762801.4                 -19-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1   described in this paragraph) shall be treated as, and considered to be, a cost of
2   administration of the Settlement and paid by Silva.
3
4           f.      No person or entity, including Silva, Silva's Counsel, the
5   Named Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the Claims
6   Administrator shall have any claim against Silva, Silva's Counsel, the Named
7   Plaintiff, Plaintiffs, Class Members, Plaintiffs' Counsel or the Claims Administrator
8   based on distributions and payments made in accordance with this Agreement.
9
10          g.      The maximum amount Silva can be required to pay under
11  this Settlement for any purpose is the amount of the Settlement Fund and the cost of
12  the Claims Administrator, plus its share of any applicable payroll taxes.
13
14      13.     No Injunctive Relief. As part of this Settlement, Silva shall not
15  be required to enter into any consent decree, nor shall Silva be required to agree to
16  any provision for injunctive relief.
17
18      14.     Notice/Approval of Settlement and Settlement Implementation.
19  As part of this Settlement, the Parties agree to the following procedures for
20  obtaining preliminary District Court approval of the Settlement, certifying a
21  Settlement Class, notifying Class Members, obtaining final District Court approval
22  of the Settlement and processing the settlement payments:
23
24          a.      Preliminary Settlement Hearing. Plaintiff shall request a
25  hearing before the District Court to request preliminary approval of the Settlement
26  and to request the entry of the order for certification of the Settlement Class
27  ("Preliminary Approval Order" or "Order") (attached as Exhibit 3 hereto). In
28  conjunction with this hearing, Plaintiff will submit this Agreement, which sets forth

W02-LA:LDB\70762801.4                    -20-
_____
                              STIPULATION AND SETTLEMENT
                              AGREEMENT OF CLASS ACTION CLAIMS

1 │ the terms of this Settlement, and will include proposed forms of all notices and other
2 │ documents as attached hereto necessary to implement the Settlement.

3

4 │            b.    Certification of Settlement Class. Simultaneous with the
5 │ filing of the Stipulation of Settlement and solely for purposes of this Settlement,
6 │ Plaintiff will request the District Court to enter the Preliminary Approval Order
7 │ substantially in the form of Exhibit 3 hereto, preliminarily approving the proposed
8 │ Settlement, forming the Settlement Class and setting a date for a Settlement Hearing
9 │ to determine final approval of the Settlement. The Order shall provide for notice of
10 │ the Settlement and related matters to be sent to Class Members as specified herein.

11

12 │            c.    Notice to Class Members. Notice of the Settlement shall
13 │ be provided to Class Members, and Class Members shall submit objections to the
14 │ Settlement and/or requests for exclusion from the Class, using the following
15 │ procedures:

16

17 │     (1)    Claims Administrator. Gilardi & Co. (hereinafter "Gilardi"), or
18 │     such other entity upon whom the Parties mutually agree, shall be
19 │     retained to serve as Claims Administrator. Subject to Silva's exercise
20 │     of its discretion to do these tasks itself as set forth in Paragraphs 11
21 │     and 12, the Claims Administrator shall be responsible for preparing,
22 │     printing and mailing the Notice (attached as Exhibit 1 hereto) and the
23 │     Claim Form (attached as Exhibit 2 hereto) as directed by the Court to
24 │     the Class Members, receiving and reviewing the Claim Forms
25 │     submitted by Class Members to determine eligibility for payment as a
26 │     Settlement Class Member and the amount of any such payment, along
27 │     with the amount of all payroll tax deductions to be withheld, keeping
28 │     track of opt outs, drafting and mailing Settlement Award checks to

W02-LA:LDB\70762801.4     -21-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1         Settlement Class Members, and for such other tasks as the Parties

2         mutually agree or the District Court orders the Claims Administrator to

3         perform. The Parties each represent they do not have any financial

4         interest in Gilardi or otherwise have a relationship withGilardi that

5         could create a conflict of interest. Silva shall be responsible for paying

6         all agreed Claims Administrator's Administration Fees upon

7         presentation of invoices by the Claims Administrator. Silva shall also

8         be responsible for paying over to the Claims Administrator at such

9         times as requested by the Claims Administrator those amounts

10       necessary to enable the Claims Administrator to pay Settlement Class

11       Members, if those payments are made by the Claims Administrator

12       rather than Silva.

13

14       (2)    Notice By First-Class Mail. Within 30 days after entry of the

15       Preliminary Approval Order as provided herein, the Claims

16       Administrator shall send a copy of a Notice of Pendency and

17       Settlement of Class Action; Settlement Hearing; and Claim, Consent,

18       and Exclusion Procedures ("Notice") (attached as Exhibit 1 hereto ),

19       together with a Claim Form (attached as Exhibit 2 hereto), to all Class

20       Members via First Class regular U.S. mail, using the most current

21       mailing address information for Class Members as provided by Silva to

22       the Claims Administrator from Silva's payroll records. Any Notices

23       returned to the Claims Administrator as non-delivered before the

24       Objection/Exclusion Deadline Date specified below, shall be sent to the

25       forwarding address affixed thereto. If no forwarding address is

26       provided, then Silva (or the Claims Administrator) shall promptly

27       attempt to determine a correct address using a single computer or other

28       search using the social security number of the individual involved. In

| 1 | the event the procedures in this paragraph are followed and the |
| 2 | intended recipient of a Notice still does not receive the Notice, the |
| 3 | intended recipient shall remain a Class Member and will be bound by |
| 4 | all terms of the Settlement and any Final Judgment entered by the |
| 5 | District Court if the Settlement is approved by the District Court.  In |
| 6 | the event the procedures in this paragraph are followed and a Class |
| 7 | Member does not ultimately return a Claim Form/FLSA Consent Form, |
| 8 | the Class Member shall remain a Class Member and will be bound by |
| 9 | all terms of the Settlement and any Final Judgment entered by the |
| 10 | District Court if the Settlement is approved by the District Court, so |
| 11 | long as the Class Member does not properly and timely indicate that he |
| 12 | or she wishes to be excluded from the Class.  At the direction of Silva, |
| 13 | the Claims Administrator shall send additional Notices and |
| 14 | correspondence to any Class Member that did not respond to the initial |
| 15 | Notice. |

15.  Procedure for Objecting to or Requesting Exclusion From Class Action Settlement.

a.  Procedure for Objecting.  The Notice shall provide that Class Members/Settlement Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties a written statement objecting to the Settlement.  Such written statement must be filed with the District Court and served on counsel for the Parties no later than thirty (30) days after the date the Notice is first mailed (the "Objection/Exclusion Deadline Date").  No Class Members/Settlement Class Members shall be entitled to be heard at the final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  Members/Settlement Class Members shall be received or considered by the District
2  Court at the Settlement Hearing, unless written notice of the Class
3  Members'/Settlement Class Members' intention to appear at the Settlement Hearing,
4  and copies of any written objections or briefs, shall have been filed with the District
5  Court and served on counsel for the Parties on or before the Objection/Exclusion
6  Deadline Date. Class Members/Settlement Class Members who fail to file and serve
7  timely written objections in the manner specified above shall be deemed to have
8  waived any objections and shall be foreclosed from making any objection (whether
9  by appeal or otherwise) to the Settlement.

10

11                b.    Procedure for Requesting Exclusion. The Notice shall
12  provide that Class Members who wish to exclude themselves from the Class must
13  submit a written statement requesting exclusion from the Class on or before the
14  Objection/Exclusion Deadline Date. Such written request for exclusion must
15  contain the name, address, telephone number and Social Security number of the
16  person requesting exclusion and the location and years of his or her employment by
17  Silva, must be returned by mail to the Claims Administrator at a specified address
18  and must be postmarked on or before the Objection/Exclusion Deadline Date. The
19  date of the postmark on the return mailing envelope shall be the exclusive means
20  used to determine whether a request for exclusion has been timely submitted. Any
21  Plaintiff who opts out of the Class will not be entitled to any recovery under the
22  Settlement and will not be bound by the Settlement or have any right to object,
23  appeal or comment thereon. Class Members who fail to submit a valid and timely
24  request for exclusion on or before the Objection/Exclusion Deadline Date shall be
25  bound by all terms of the Settlement and any Final Judgment entered in this Class
26  Action if the Settlement is approved by the District Court, regardless of whether
27  they have requested exclusion from the Settlement. Class Members who fail to
28  submit a Claim Form/FLSA Consent Form that is approved for payment under the

W02-LA:LDB\70762801.4                    -24-

                                    STIPULATION AND SETTLEMENT
                                    AGREEMENT OF CLASS ACTION CLAIMS

1  terms of this Stipulation, and as such are not Settlement Class Members, will remain
2  a Class Member and shall be bound by all terms of the Settlement and any Final
3  Judgment entered in the Class Actions, even though he or she will receive no
4  Settlement Award, so long as he or she does not timely and properly request to be
5  excluded from the Settlement. No later than five court days before the Settlement
6  Hearing, the Claims Administrator shall provide Silva's Counsel and Plaintiffs'
7  Counsel with a complete list of all Class Members who have timely requested
8  exclusion from the Class, along with the number and gross settlement amount of
9  valid Claim Forms received.

10

11        16.   No Solicitation of Settlement Objections or Exclusions. The
12  Parties agree to use their best efforts to carry out the terms of this Settlement. At no
13  time shall any of the Parties or their counsel seek to solicit or otherwise encourage
14  Settlement Class Members to submit written objections to the Settlement or requests
15  for exclusion from the Settlement Class, or appeal from the District Court's Final
16  Judgment.

17

18        17.   Option to Terminate Settlement. If, after the objection/Exclusion
19  Deadline Date and before the Settlement Hearing referenced in paragraph 18 below,
20  persons who otherwise would be members of the Settlement Class have filed timely
21  requests for exclusion from the Settlement Class in accordance with paragraph 15(b)
22  above, and the collective overtime hours worked by such persons constitute more
23  than 5 % of the total number of overtime hours worked by Plaintiffs, Silva shall
24  have, in its sole discretion, the option to terminate this Settlement. Additionally,
25  Silva shall have the right to terminate this Settlement if more than 20% of the
26  Plaintiffs fail to submit a Claim Form/FLSA Consent Form that is approved for
27  payment under the terms of this Stipulation.

28

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1    18. <u>Final Settlement Approval Hearing and Entry of Final Judgment</u>.
2 Upon expiration of the Objection/Exclusion Deadline Date, with the District Court's
3 permission, a Settlement Hearing shall be conducted to determine final approval of
4 the Settlement along with the amount properly payable for (i) attorneys' fees and
5 costs, (ii) Incentive Awards, and (iii) cost of administration. Upon final approval of
6 the Settlement by the District Court at or after the Settlement Hearing, the Parties
7 shall present a Final Judgment ("Final Judgment") to the District Court for its
8 approval. After entry of the Final Judgment, the District Court shall have
9 continuing jurisdiction solely for purposes of addressing: (i) settlement
10 administration matters and (ii) such post-Final Judgment matters as may be
11 appropriate under court rules or as set forth in this Agreement.

12

13    19. <u>Procedure for Payment of Settlement Awards</u>. Except for
14 Plaintiffs who submit valid and timely requests for exclusion as provided herein, all
15 Settlement Class Members who have submitted a valid and timely Claim Form will
16 receive a Settlement Award from Silva, distributed by Silva or through the Claims
17 Administrator. A Plaintiff who submits a valid and timely request for exclusion will
18 not receive a Settlement Award, even if they submit a Claim Form. The Claim
19 Form shall include instructions on how to submit the form, and shall notify Class
20 Members that the Claim Form must be completed, signed and returned by mail no
21 later than sixty (60) days after the date the Claim Form was mailed (the "Claim
22 Deadline") for a Class Member to be eligible to receive any Settlement Award,
23 unless SILVA agrees to accept the late claim. The date of the postmark on the
24 return envelope shall be the exclusive means used to determine whether a Class
25 Member has "timely" returned his/her Claim Form on or before the Claim Deadline.
26 Claim Forms received by the Claims Administrator that have been postmarked after
27 the Claim Deadline shall be disregarded. For purposes of this Agreement, a Claim
28 Form shall be deemed "valid" only if: (1) the Class Member has provided on the
W02-LA:LDB\70762801.4     -26-

1　Claim Form his or her name, social security number and telephone number; (2) the
2　Class Member has dated and signed the Claim Form; and (3) the name and social
3　security number provided by the Class Member on the Claim Form match Silva's
4　records as provided to the Claims Administrator. If a Class Member's Claim Form
5　is defective as to any of these three requirements, the Class Member shall be given
6　an opportunity to cure the defect(s). Any such Claim Form shall be returned to the
7　Class Member, who will be informed of the defect(s). The Class Member will be
8　given twenty (20) days from the date the Claim Form was mailed back to the Class
9　Member within which to cure the defect(s) and return the Claim Form to the Claims
10　Administrator. The Class Member shall be given the full twenty days to cure the
11　defect even if a portion of that amount of time exceeds the sixty day period. If the
12　revised Claim Form is not postmarked within that twenty-day period, it shall be
13　deemed untimely and the claim will be rejected. The name and social security
14　number provided by the Class Member will be deemed to match Silva's records only
15　if: (1) both the first name and the last name and the Social Security number
16　provided by the Class Member match Silva's records; (2) the first name and the
17　social security number provided by the Class Member match Silva's records and it
18　appears the last name has been changed as a result of a change in marital status; (3)
19　the social security number and last name matches Silva's records and the first name
20　provided is either a nickname or a shortened or lengthened version of the name that
21　appears in Silva's records. Although Class Members who do not submit a valid and
22　timely Claim Form shall not receive a Settlement Award, such persons shall
23　nonetheless be members of the Class and will be bound by all terms of the
24　Settlement and any Final Judgment entered in the Class Actions if the Settlement is
25　approved by the District Court. After the conclusion of the defect cure period, the
26　Claims Administrator will send a Notice of Denied Claim form to any Class
27　Member who had submitted a Claim Form that was not timely and/or not valid,
28　stating the reason the claim was denied. Settlement Awards for Settlement Class

W02-LA:LDB\70762801.4　　　　　　-27-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  Members shall be paid pursuant to the settlement formula set forth herein within
2  fifteen (15) days after the Effective Date. Silva's and the Claims Administrator's
3  determination of eligibility for, and the amounts of, any Settlement Awards under
4  the terms of this Agreement, shall be conclusive, final and binding on all Parties,
5  including all Settlement Class Members, subject to review by Plaintiffs' Counsel and
6  the Court, if necessary. Any checks paid to Settlement Class Members shall remain
7  valid and negotiable for one hundred eighty (180) days from the date of their
8  issuance and may thereafter automatically be canceled if not cashed by a Settlement
9  Class Member within that time, at which time the Settlement Class Member's claim
10 will be deemed void and of no further force and effect. Any balance remaining in
11 any bank account created by the Claims Administrator shall be distributed on a pro
12 rata basis to the other Settlement Class Members. Administration of the Settlement
13 shall be completed on or before the date two hundred seventy (270) days after the
14 Effective Date. Upon completion of administration of the Settlement, either Silva or
15 the Claims Administrator shall provide written certification of such completion to
16 the District Court and Plaintiffs' Counsel.

17

18         20.    Claims Administration Costs. All of Silva's own legal fees, costs
19 and expenses incurred in this Action shall be borne by Silva. Silva shall also pay for
20 the cost of any Claims Administrator. The Parties agree to cooperate in the
21 Settlement administration process and to make all reasonable efforts to control and
22 minimize the costs and expenses incurred in administration of the Settlement.

23

24         21.    Nullification of Settlement Agreement. In the event: (i) the
25 District Court does not enter the Order specified herein; (ii) the District Court does
26 not finally approve the Settlement as provided herein; (iii) the District Court does
27 not enter a Final Judgment as provided herein which becomes final as a result of the
28 occurrence of the Effective Date; or (iv) the Settlement does not become final for

W02-LA:LDB\70762801.4                    -28-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1  any other reason, this Settlement Agreement shall be null and void and any order or
2  judgment entered by the Court in furtherance of this Settlement shall be treated as
3  void *ab initio*. In such a case, the Parties and any funds to be awarded under this
4  Settlement shall be returned to their respective statuses as of the date and time
5  immediately prior to the execution of this Agreement, and the Parties shall proceed
6  in all respects as if this Settlement Agreement had not been executed, except that
7  any fees already incurred by the Claims Administrator shall be paid for by Silva and
8  shall not be repaid to Silva. In the event an appeal is filed from the District Court's
9  Final Judgment, or any other appellate review is sought prior to the Effective Date,
10 administration of the Settlement shall be stayed pending final resolution of the
11 appeal or other appellate review.

12

13         22.    Appraisal and Certification By Claims Administrator. The
14 Claims Administrator shall keep Silva, Silva's counsel and Plaintiffs' Counsel
15 apprised of all distributions from the Settlement Fund (to the extent the Claims
16 Administrator is responsible for any such distribution) and upon completion of
17 administration of that portion of the Settlement, the Claims Administrator shall
18 provide written certification of such completion to the District Court and counsel for
19 all Parties.

20

21         23.    Privacy of Documents and Information. Plaintiffs and their
22 counsel agree that none of the documents and information provided to them by Silva
23 shall be used for any purpose other than prosecution of the Class Actions. The
24 protective order entered into by the parties shall remain in effect throughout the
25 completion of the settlement and following the conclusion of the settlement and the
26 dismissal of this matter.

27

28

                                          STIPULATION AND SETTLEMENT
                                          AGREEMENT OF CLASS ACTION CLAIMS

1      24.    No Effect on Employee Benefits. The Settlement Awards paid
2   to the Named Plaintiff or other Settlement Class Members shall be deemed not to be
3   pensionable earnings and shall not have any effect on the eligibility for, or
4   calculation of, any of the employee benefits (e.g., vacations, holiday pay, retirement
5   plans, etc.) of the respective Named Plaintiff or Settlement Class Members. The
6   Parties agree that any Settlement Awards to Settlement Class Members under the
7   terms of this Agreement do not represent any modification of Settlement Class
8   Members' previously credited hours of service or other eligibility criteria under any
9   employee pension benefit plan or employee welfare benefit plan sponsored by Silva.
10  Further, any Settlement Awards or Incentive Awards hereunder shall not be
11  considered "compensation" in any year for purposes of determining eligibility for, or
12  benefit accrual within, an employee pension benefit plan or employee welfare
13  benefit plan sponsored by Silva.

14

15      25.    Publicity. From and after the execution of this Agreement, the
16  Named Plaintiff and Plaintiffs' Counsel may: (1) in response to specific questions
17  from Plaintiffs; (2) as required by law; or (3) as required under the terms of this
18  Agreement, comment regarding the specific terms of this Agreement. In all other
19  cases, the Named Plaintiff and Plaintiffs' Counsel agree to limit their statements
20  regarding the terms of this Agreement, whether oral, written or electronic (including
21  the world wide web), to say the Class Actions have been resolved and that Named
22  Plaintiff and Plaintiffs' Counsel are satisfied with the settlement terms. Neither the
23  Named Plaintiff, Plaintiffs nor Plaintiffs' Counsel shall hold any press conference
24  related in any way to the Settlement. This paragraph only applies to the terms of the
25  Agreement and does not preclude Named Plaintiff and Plaintiffs' Counsel from
26  referring others to the Court file.

27

28
W02-LA:LDB\70762801.4                    -30-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1         26.   No Admission By the Parties. Silva and the Released Parties
2 deny any and all claims alleged in the Class Actions and deny all wrongdoing
3 whatsoever. This Agreement is not a concession or admission, and shall not be used
4 against Silva or any of the Released Parties as an admission or indication with
5 respect to any claim of any fault, concession or omission by Silva or any of the
6 Released Parties. Whether or not the Settlement is finally approved, neither the
7 Settlement, the terms sheet entered into at the time that the settlement was reached,
8 nor any document, statement, proceeding or conduct related to this Agreement, the
9 terms sheet entered into at the time of the settlement, nor any reports or accounts
10 thereof, shall in any event be:

11

12         a.   construed as, offered or admitted in evidence as, received
13 as, or deemed to be evidence for any purpose adverse to the Released Parties,
14 including, but not limited to, evidence of a presumption, concession, indication or
15 admission by any of the Released Parties of any liability, fault, wrongdoing,
16 omission, concession or damage; or

17

18         b.   disclosed, referred to or offered or received in evidence
19 against any of the Released Parties, in any further proceeding in the Class Actions,
20 or any other civil, criminal or administrative action or proceeding except for
21 purposes of settling this Class Actions pursuant to this Agreement.

22

23         27.   Exhibits and Headings. The terms of this Agreement include the
24 terms set forth in any attached Exhibits 1-3, which are incorporated by this reference
25 as though fully set forth herein. Any Exhibits to this Agreement are an integral part
26 of the Settlement. The descriptive headings of any paragraphs or sections of this
27 Agreement are inserted for convenience of reference only and do not constitute a
28 part of this Agreement.

W02-LA:LDB\70762801.4           -31-

1           28.    Interim Stay of Proceedings.  The Parties agree to hold all

2  proceedings in the Class Actions, except such proceedings necessary to implement

3  and complete the Settlement, in abeyance pending the Settlement Hearing to be

4  conducted by the District Court.

5

6           29.    Amendment or Modification.  This Agreement may be amended

7  or modified only by a written instrument signed by counsel for all Parties or their

8  successors-in-interest.

9

10          30.    Entire Agreement.  This Agreement and any attached Exhibits

11  constitute the entire agreement among these Parties, and no oral or written

12  representations, warranties or inducements have been made to any Party concerning

13  this Agreement or its Exhibits other than the representations, warranties and

14  covenants contained and memorialized in such documents.  Except as expressly set

15  forth herein, Silva shall not be required as part of the Settlement to modify or

16  eliminate any of its personnel, compensation or payroll practices, or adopt any new

17  personnel, compensation or payroll practices.

18

19          31.    Authorization to Enter Into Settlement Agreement.  Counsel for

20  all Parties warrant and represent they are expressly authorized by the Parties whom

21  they represent to negotiate this Agreement and to take all appropriate action required

22  or permitted to be taken by such Parties pursuant to this Agreement to effectuate its

23  terms, and to execute any other documents required to effectuate the terms of this

24  Agreement.  The Parties and their counsel will cooperate with each other and use

25  their best efforts to effect the implementation of the Settlement.  In the event the

26  Parties are unable to reach agreement on the form or content of any document

27  needed to implement the Settlement, or on any supplemental provisions that may

28  become necessary to effectuate the terms of this Settlement, the Parties may seek the

W02-LA:LDB\70762801.4           -32-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1 assistance of the District Court to resolve such disagreement. The persons signing
2 this Agreement on behalf of Silva represent and warrant that they are authorized to
3 sign this Agreement on behalf of Silva.

4

5         32.    Binding on Successors and Assigns. This Agreement shall be
6 binding upon, and inure to the benefit of, the successors or assigns of the Parties
7 hereto, as previously defined.

8

9         33.    Counterparts. This Agreement may be executed in one or more
10 counterparts. All executed counterparts and each of them shall be deemed to be one
11 and the same instrument provided that counsel for the Parties to this Agreement
12 shall exchange among themselves original signed counterparts.

13

14         34.    This Settlement is Fair, Adequate and Reasonable. The Parties
15 believe this Settlement is a fair, adequate and reasonable settlement of the Class
16 Actions and have arrived at this Settlement in arms-length negotiations, taking into
17 account all relevant factors, present and potential. This Settlement was reached after
18 extensive negotiations.

19

20         35.    Jurisdiction of the Court. The Court shall retain jurisdiction with
21 respect to the interpretation, implementation and enforcement of the terms of this
22 Agreement and all orders and judgments entered in connection therewith, and the
23 parties and their counsel hereto submit to the jurisdiction of the Court for purposes
24 of interpreting, implementing and enforcing the settlement embodied in this
25 Agreement and all orders and judgments entered in connection therewith.

26
27
28

W02-LA:LDB\70762801.4           -33-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS

1           36.    Cooperation and Drafting. Each of the parties has cooperated in

2 the drafting and preparation of this Agreement. Hence, in any construction made to

3 this Agreement, the same shall not be construed against any of the parties.

4

5           37.    Invalidity of Any Provision. Before declaring any provision of

6 this Agreement invalid, the Court shall first attempt to construe the provisions valid

7 to the fullest extent possible consistent with applicable precedents so as to define all

8 provisions of this Agreement valid and enforceable.

9

10          38.    Named Plaintiff's Waiver of Right to be Excluded and Object.

11 The Named Plaintiff agrees to sign this Agreement and by signing this Agreement is

12 bound by the terms herein stated and further agrees not to request to be excluded

13 from the Settlement Class and agrees not to object to any of the terms of this

14 Agreement. Non-compliance by the Named Plaintiff with this paragraph shall be

15 void and of no force or effect. Any such request for exclusion or objection shall

16 therefore be void and of no force or effect. Named Plaintiff also agrees to not

17 disparage the settlement to Plaintiffs or encourage, in any way, Plaintiffs to not

18 submit a Claim Form or to submit a request to be excluded from the Settlement.

19

20

21 DATED: November 22, 2005      /s/ Ovidio Orellana (original signature
                                      retained by attorney)

22                                          OVIDIO ORELLANA

23                                        NAMED PLAINTIFF

24

25 DATED: November 22, 2005      /s/ David Silva (original signature retained
                                        by attorney)

26                                          SILVA TRUCKING, INC.

27                                          By: DAVID SILVA

28

W02-LA:LDB\70762801.4                      -34-

DATED: November 22, 2005

LAW OFFICE OF JERRY BUDIN

By _____ /s/ Jerry N. Budin
JERRY N. BUDIN
Attorney for Plaintiffs

DATED: November 22, 2005

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____ /s/ David B. Chidlaw
DAVID B. CHIDLAW
Attorneys for Defendant
SILVA TRUCKING, INC.

W02-LA:LDB\70762801.4                    -35-

STIPULATION AND SETTLEMENT
AGREEMENT OF CLASS ACTION CLAIMS